243 P.3d 929 (2010)
STATE of Washington, Respondent,
v.
Michael Terry LEE, aka Michael Lee Terry, Appellant.
No. 63497-6-I.
Court of Appeals of Washington, Division 1.
September 13, 2010.
Publication Ordered November 17, 2010.
*930 Kira Franz, Attorney at Law, Christopher Gibson, Nielsen, Broman & Koch, Seattle, WA, for Appellant.
Deborah A. Dwyer, Jennifer H.S. Atchison, Seattle, WA, for Respondent.
LEACH, J.
¶ 1 Michael Terry Lee appeals the sentencing court's oral advisement that he could not be "anywhere near a firearm" or "in the same house or the same car with a firearm." Because the court's remarks misstate Washington law on constructive possession, we grant discretionary review and strike the oral advisement in favor of the written statutory advisement.

FACTS
¶ 2 Lee pleaded guilty to one misdemeanor count of cyber stalking with domestic violence, one felony count of assault in the third degree with domestic violence, and one felony count of unlawful imprisonment with domestic violence. These convictions rendered Lee ineligible to possess firearms.
¶ 3 At sentencing, Lee signed a notice of ineligibility to possess firearm and loss of right to vote, which stated, "Pursuant to RCW 9.41.047, you are not permitted to possess a firearm until your right to do so is restored by a court of record. You are further notified that you must immediately surrender any concealed pistol license."
¶ 4 The court also verbally advised Lee of the consequence of possessing a firearm:
Mr. Lee, I'm holding up a very important document. This is your notice of ineligibility to possess a firearm and loss of your right to vote. When we say, "possess a firearm," we don't just mean own a firearm, we mean be anywhere near a firearm. So you cannot be in the same house or the same car with a firearm. This lasts forever, unless a judge signs an order that changes it. So don't let anyone tell you it's expired. It's important that we make sure to get his signature on that.
(Emphasis added.) Lee responded that he had never owned a firearm, and the court replied, "I tell everybody that, because you can get charged with a whole other felony if you violate that order."
¶ 5 Lee appeals.

*931 ANALYSIS
¶ 6 Lee argues that the court's advisement prohibiting him from being "anywhere near a firearm" or "in the same house or the same car with a firearm" was in derogation of Washington law on constructive possession and restricted his constitutional rights to travel and associate.
¶ 7 Because an oral advisement is not a final judgment appealable as a matter of right under RAP 2.2(a)(1),[1] relief, if any, may only be granted pursuant to discretionary review. Lee maintains that discretionary review is warranted under RAP 2.3(b)(2).[2] We agree that the court's remarks involve probable error implicating Lee's constitutional freedoms and grant discretionary review.[3]
¶ 8 In Washington, a person is guilty of unlawful possession of a firearm if he or she possesses a firearm after being convicted of a felony.[4] Accordingly, RCW 9.41.047(1) provides,
At the time a person is convicted ... of an offense making the person ineligible to possess a firearm, ... the convicting ... court shall notify the person, orally and in writing, that the person must immediately surrender any concealed pistol license and that the person may not possess a firearm unless his or her right to do so is restored by a court of record.
Here, the court's written notice followed the statutory language almost verbatim and correctly stated the law. The court's oral advisement, however, did neither.
¶ 9 In a prosecution for unlawful possession, the State must prove knowing possession of the firearm.[5] "Possession may be actual or constructive, and constructive possession can be established by showing the defendant had dominion and control over the firearm or over the premises where the firearm was found."[6] But proximity alone is insufficient to establish constructive possession.[7] Thus, a defendant with prior felony convictions may not be in violation of the law by simply being near a firearm if he or she has not exercised dominion or control over the weapon or premises where the weapon is found.
¶ 10 However well intentioned the court's remarks may have been, the court misadvised Lee that he could not "be anywhere near a firearm" or "in the same house or the same car with a firearm." Accordingly, we strike the court's oral advisement in favor of the accurately worded written advisement. Because this opinion explains the restrictions on Lee's right to bear arms, we decline his invitation to remand for resentencing with an accurate oral advisement from the trial court.
WE CONCUR: DWYER, C.J., and COX, J.
NOTES
[1] See State v. Taylor, 150 Wash.2d 599, 602, 80 P.3d 605 (2003) (a "final judgment" is "`[a] court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment.'") (quoting BLACK'S LAW DICTIONARY 847 (7th ed. 1999)).
[2] RAP 2.3(b)(2) allows for discretionary review when "[t]he superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act."
[3] The State responds that regardless of appealability, Lee waived his right to appeal for failing to object to the oral advisement at sentencing. This argument fails. See State v. Armstrong, 91 Wash. App. 635, 638-39, 959 P.2d 1128 (1998) (no waiver of right to review legality of sentencing condition by failing to object below).
[4] RCW 9.41.040.
[5] State v. Anderson, 141 Wash.2d 357, 359, 366, 5 P.3d 1247 (2000).
[6] State v. Echeverria, 85 Wash.App. 777, 783, 934 P.2d 1214 (1997).
[7] State v. Turner, 103 Wash.App. 515, 521, 13 P.3d 234 (2000) (citing State v. Spruell, 57 Wash. App. 383, 388-89, 788 P.2d 21 (1990)).