# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | | |
|---|---|---|---|
| STATE OF WASHINGTON, | ) | No. 68767-1-I | |
| | ) | | |
| Respondent, | ) | | |
| | ) | DIVISION ONE | |
| v. | ) | | |
| | ) | | |
| TINA RICH, | ) | UNPUBLISHED OPINION | |
| | ) | | |
| Appellant. | ) | FILED: July 22, 2013 | |
| | ) | | |

SPEARMAN, A.C.J. — Tina Rich pleaded guilty to multiple counts of first and second degree theft. At sentencing, the trial court orally advised Rich of the revocation of her right to possess a firearm. We reject Rich's contentions that the court's oral advisement misstated Washington's law on constructive possession. Because the trial court's oral remarks are not appealable as a matter of right and do not warrant discretionary review, we dismiss.

## FACTS

On March 2, 2012, Tina Rich pleaded guilty to four counts of first degree theft and nine counts of second degree theft. The plea agreement also included a finding that 12 of the 13 counts involved a vulnerable victim aggravating factor. Rich's statement of defendant on plea of guilty acknowledged that her guilty plea

would result in the revocation of her right to own or possess a firearm until a court restored the right.

At sentencing on April 13, 2012, Rich received and signed a written notice of her ineligibility to possess a firearm. The court then orally advised her as follows:

> COURT:     I don't think that you're a person who carries a gun. But, you need to be alert that from here forward in Washington you're not allowed to have any kind of firearm because you could be convicted of a felony from everybody's point of view. That means that if you have a gun that's yours or if you are in a position to control or possess somebody else's gun, okay, and the State can prove that beyond a reasonable doubt, you're subject to being charged for being a felon in possession, which would put you back in prison because your offender score is really high. At this point it's not going to go down. Be really careful to stay away from guns. I think you will be eligible in the future to have your right to carry a firearm—
>
> MS. RICH:   I don't want a gun.
>
> COURT:     I know. But, it's safer, frankly, to get back your right if you can. So, you'll be eligible in the future to petition to have that right restored. But, until that day comes and you have an order saying you can have a gun, <u>be really careful to stay away from guns or people that you know are in possession of them.</u>

Verbatim Report of Proceedings (VRP) at 51-52 (emphasis added). The court accepted the State's recommendation and imposed an exceptional sentence totaling 68 months.

## DISCUSSION

Relying on our decision in <u>State v. Lee</u>, 158 Wn. App. 513, 243 P.3d 929 (2010), Rich contends that the trial court's oral admonishment "to stay away from guns or people that you know are in possession of them" misadvised Rich of

Washington law on constructive possession. VRP at 52. She argues that the trial court's comments suggested she would be guilty of unlawful possession of a firearm merely by being near guns or near a person possessing a gun. We disagree.

After a conviction for certain offenses, the trial court must notify the defendant, both in writing and orally, that he or she may not possess a firearm until a court restores that right. RCW 9.41.040; 9.41.47(1). Possession of a firearm can be actual or constructive. "[C]onstructive possession can be established by showing the defendant had dominion and control over the firearm or over the premises where the firearm was found." State v. Echeverria, 85 Wn. App. 777, 783, 934 P.2d 1214 (1997). But mere proximity to or knowledge of a firearm is insufficient to establish constructive possession. State v. Raleigh, 123 Wn. App. 728, 737, 238 P.3d 1211 (2010), rev. denied, 170 Wn.2d 1029, 249 P.3d 624 (2011).

In State v. Lee, after orally advising the defendant of his ineligibility "to possess a firearm," the trial court continued:

> When we say, 'possess a firearm,' we don't just mean own a firearm, we mean be anywhere near a firearm. So you cannot be in the same house or the same car with a firearm.

Lee, 158 Wn. App. at 577. On appeal, we concluded that the comments erroneously informed the defendant that he would be in violation of the law simply by being near a firearm, even if he had "not exercised dominion or control over the weapon or premises where the weapon is found." Id. at 517. Although the trial court's oral advisement was not a final judgment appealable as a matter of right, the court's

remarks constituted probable error implicating the defendant's constitutional rights to travel and associate. Id. at 516. We therefore granted discretionary review and struck "the court's oral advisement in favor of the accurately worded written advisement." Id. at 517.

Contrary to Rich's contentions, the trial court's oral comments here were not comparable to those in Lee. In Lee, the court expressly informed the defendant that simply being "anywhere near a firearm," including being "in the same house or the same car with a firearm," constituted being in possession of a firearm. Lee, 158 Wn. App. at 515. Because mere proximity does not establish constructive possession, the court's explanation mischaracterized Washington law. Lee, 158 Wn. App. at 517.

Here, however, the trial court informed Rich that if she was "in a position to control or possess somebody else's gun," she was "subject" to being charged with unlawful possession. The court's description accurately summarized the circumstantial nature of evidence that may establish constructive possession. See Echeverria, 85 Wn. App. at 783 ("The ability to reduce an object to actual possession is an aspect of dominion and control") (quoting, State v. Hagen, 55 Wn. App. 494, 499, 781 P.2d 892 (1989)). Viewed in context, the court's repeated suggestions to Rich to be "really careful to stay away from guns" was nothing more than reasonable advice to avoid completely the ambiguous circumstances that might result in prosecution for unlawful possession of a firearm. Unlike Lee, the

court here did not misadvise or mislead Rich about the specific elements of the offense.

Because the trial court's comments were not erroneous, discretionary review is not warranted. We also decline Rich's invitation to revisit our determination in Lee that the court's oral advisement is not a final judgment appealable as a matter of right. See Lee, 158 Wn. App. at 516. Accordingly, review is dismissed.

Spearman, A.C.J.

WE CONCUR: