FILED
COURT OF APPEALS
DIVISION II

2015 MAR -3 AM 8: 36

STATE OF WASHINGTON

BY_____
        DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46001-7-II |
| Appellant | |
| v. | |
| DAVID WARREN SOHRAKOFF, | UNPUBLISHED OPINION |
| Respondent. | |

LEE, J. – David Warren Sohrakoff filed a notice of appeal challenging the trial court's denial of his motion to withdraw his guilty plea. He challenges only the oral advisement of firearm rights that the court made during his sentencing a year earlier, after he pleaded guilty. Because this oral advisement was subject to challenge only by means of a notice for discretionary review filed within 30 days of Sohrakoff's sentencing, we dismiss this appeal.

FACTS

On March 3, 2013, Sohrakoff pleaded guilty to two counts of delivery of a controlled substance (methamphetamine), one count of possession of a controlled substance (methamphetamine), and one count of assault in the third degree. After accepting his plea, the trial court imposed concurrent sentences totaling 40 months. The court then informed Sohrakoff that he could no longer possess a firearm because his drug convictions were felonies:

No. 46001-7-II

As an adult, because of these convictions any right that you had to possess a firearm or a gun in the State of Washington is revoked. Do not under any circumstances possess any kind of a firearm including a black powder rifle or pistol, unless or until your right to do so is restored by Superior Court. That doesn't happen automatically or by the mere passage of time. The only way it happens is for you to be crime free and law abiding for a minimum period of ten years after you are off all conditions of community custody or supervision from all sources. You then have to file a petition with the Superior Court in the county where you then live asking the court to restore your firearm rights. The judge has to agree to [d]o that and sign an order to that effect.

Unless or until that happens, if you possess any kind of a gun including a black powder rifle or pistol it's at least a class B felony. This county among others prosecutes that particular crime. So don't have any guns in your house, car or apartment. Don't be around anybody with a gun. No hunting or target shooting with any kind of a gun, including a black powder rifle or pistol.

Report of Proceedings (RP) (March 3, 2013) at 28. Paragraph 5.5 of Sohrakoff's judgment and sentence, filed on March 7, 2013, contained the following provision regarding his firearm rights:

**Firearms. You may not own, use or possess any firearm, and under federal law any firearm or ammunition,** unless your right to do so is restored by the court in which you are convicted or the superior court in Washington State where you live, and by a federal court if required. **You must immediately surrender any concealed pistol license.** . . . RCW 9.41.040, 9.41.047.

Clerk's Papers at 39.

On June 17, 2013, Sohrakoff moved to withdraw his guilty plea, claiming that his attorney had deceived him during the plea proceedings and that he wanted to go to trial. During a hearing on March 5, 2014, Sohrakoff complained that he did not read his plea statement before signing it, that he had been told he would receive a 20-month sentence, and he understood that if he pleaded

2

guilty and then completed several controlled drug buys, his record would be "washed." RP (March 5, 2014) at 10. He made no mention of the court's advisement of his firearm rights.

The trial court found no credible evidence to support Sohrakoff's claims and on March 6 entered an order denying his motion to withdraw his plea. The order did not refer to any complaint about the oral advisement of Sohrakoff's firearm rights.

Sohrakoff filed a notice of appeal of the order denying his motion to withdraw his plea on March 6, 2014, the date of its entry. The only issue he raises on appeal concerns the trial court's oral advisement of his firearm rights at his sentencing on March 3, 2013.

## ANALYSIS

Sohrakoff bases his claim of error on Division One's decision in *State v. Lee*, 158 Wn. App. 513, 243 P.3d 929 (2010). Lee argued on appeal that the trial court's oral advisement of his firearm rights misstated Washington law on constructive possession and restricted his constitutional rights to travel and associate. *Lee*, 158 Wn. App. at 516.

In addressing this argument, Division One first observed that an oral advisement was not a final judgment appealable as a matter of right and that relief could be granted only pursuant to discretionary review. *Lee*, 158 Wn. App. at 516; RAP 2.2(a)(1); RAP 2.3(b)(2). Because the remarks at issue constituted probable error implicating Lee's constitutional freedoms, Division One granted discretionary review. *Lee*, 158 Wn. App. at 516. Court records show that Lee was sentenced on April 17, 2009, and that he filed a notice of appeal on May 13, 2009.

Here, the oral advisement was made on March 3, 2013, and Sohrakoff filed a notice of appeal on March 6, 2014. With exceptions that do not apply here, both a notice of appeal and a notice for discretionary review must be filed within 30 days of the decision for which review is sought. RAP 5.2(a), (b); 2A KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE RAP 5.2, at 508-09 (8th ed. 2014). Sohrakoff did not attempt to seek any type of review of the oral advisement in a timely manner.[1]

Sohrakoff argues that erroneous sentences must be corrected whenever they are discovered. While it is true that appellate courts have the power and duty to correct a sentencing error upon its discovery, this authority applies to errors in the judgment and sentence and arises within the context of a timely appeal of that judgment. *See State v. Loux*, 69 Wn.2d 855, 857-58, 420 P.2d 693 (1966) (appeal of resentencing during which trial court corrected error in earlier sentence), *cert. denied*, 386 U.S. 997 (1967), *overruled on other grounds by State v. Moen*, 129 Wn.2d 535, 919 P.2d 69 (1996). Once the deadlines for direct review have expired, a defendant must resort to a personal restraint petition or other means of collateral attack. *See In re Pers. Restraint of Call*, 144 Wn.2d 315, 331, 28 P.3d 709 (2001) (personal restraint petition can be used to correct sentence that was unlawfully imposed). The challenge here is to an oral advisement made more than a year before Sohrakoff sought review.

---

[1] We also note that failing to raise the oral advisement issue in his motion to withdraw his plea, Sohrakoff arguably waived the right to raise this issue on appeal. RAP 2.5; *State v. Zhoa*, 157 Wn.2d 188, 203, 137 P.3d 835 (2006).

No. 46001-7-II

We dismiss this appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Worswick, P.J.

_____
Melnick, J.

5