[No. 40020.    Department Two.    October 2, 1969.]

THE STATE OF WASHINGTON, *Respondent,* v. CHERYL LEE CALLAHAN *et al., Defendants,* MICHAEL ANTHONY HUTCHINSON, *Appellant.*\*

*\*Reported in 459 P.2d 400.

*Kroum, Bass & Mack* and *Gary F. Bass,* for appellant.

*Charles O. Carroll* and *Robert E. Dixon,* for respondent.

NEILL, J.—Defendant, Michael Anthony Hutchinson, was found guilty by a jury of violating the Uniform Narcotic Drug Act and illegally possessing dangerous drugs. He appeals from the judgment entered upon the jury verdict. (Codefendants Cheryl Lee Callahan and Larry Edwin Donlan do not join in the appeal.)

On the evening of February 3, 1967, members of the Seattle Police Department and federal officers, armed with a search warrant, went to a houseboat in Seattle. One of the officers knocked on the door and asked if "Larry was there." The door was opened slightly and when someone inside attempted to close it, the officers pushed open the door, announced who they were, why they were there, and entered the houseboat. The search warrant was then served on the tenant of the houseboat, Cheryl Callahan. When the officers entered the living room, they found the defendant and Larry Donlan sitting at a desk on which were various pills and hypodermic syringes. A cigar box filled with various drugs was on the floor between the two men. Other drugs were found in the kitchen and bedroom of the premises.

Defendant admitted that two guns, two books on narcotics and a set of broken scales of a type which could be used for measuring drugs, if operable, found in the houseboat belonged to him. He further admitted that he had actually handled the drugs earlier that day. He first stated, at the time of his arrest, that he had stayed on the houseboat for 2 or 3 days prior to the time of his arrest, but at trial denied that he lived there.

Defendant alleges error in the admissibility of certain items of evidence on grounds of irrelevancy and unlawful search and seizure. However, in view of our disposition of his assignment of error on the trial court's failure to dismiss for insufficiency of the evidence, we do not reach the suppression of evidence and other trial rulings issues. Our

reading of the record convinces us that there was not sufficient evidence that defendant was in possession of narcotics and drugs to permit the jury to reach a guilty verdict.

Possession of property may be either actual or constructive. Actual possession means that the goods are in the personal custody of the person charged with possession; whereas, constructive possession means that the goods are not in actual, physical possession, but that the person charged with possession has dominion and control over the goods. *State v. Walcott*, 72 Wn.2d 959, 435 P.2d 994 (1957).

In order for the jury to find the defendant guilty of actual possession of the drugs, they must find that the drugs were in the personal custody of the defendant. There was no evidence introduced that the defendant was in physical possession of the drugs other than his close proximity to them at the time of his arrest and the fact that the defendant told one of the officers that he had handled the drugs earlier. Since the drugs were not found on the defendant, the only basis on which the jury could find that the defendant had actual possession would be the fact that he had handled the drugs earlier and such actions are not sufficient for a charge of possession since possession entails actual control, not a passing control which is only a momentary handling. *See United States v. Landry*, 257 F.2d 425, 431 (7th Cir. 1958).

Consequently, the validity of the defendant's conviction rests on whether there was sufficient evidence for the jury to find, beyond a reasonable doubt, that the defendant had constructive possession of the drugs. There must be substantial evidence to show that he had dominion and control over the drugs.

We discussed constructive possession in *State v. Weiss*, 73 Wn.2d 372, 438 P.2d 610 (1968), wherein we affirmed the conviction of the defendant on the charge of possession of marijuana, when the evidence showed that the defendant had been living on the premises for about a month, had stated that he and the other resident were sharing the rent and that not only had the defendant brought furniture into

the house but had invited others to spend the night. We held that there was sufficient evidence of the defendant's dominion and control over the premises to find him guilty of constructive possession of the marijuana found in the living room of the house although the defendant denied any knowledge of its presence.

The question was also raised in *State v. Chakos*, 74 Wn.2d 154, 443 P.2d 815 (1968). The defendant and her husband had rented a house and sublet some of the rooms. Drugs were found not only in the sublet rooms, but throughout the house. Defendant denied knowledge of the drugs and argued that there was insufficient evidence to find her guilty of possession. The evidence showed, however, that she and her husband not only had rented the house and were in control of the premises, but that she participated in cleaning and maintaining the premises. Since drugs were found in virtually every room in the house, there was sufficient evidence to find that the defendant had dominion and control of the premises and whether she had constructive possession became a question for the jury.

In *State v. Walcott, supra,* we upheld a conviction of possession of narcotics under an instruction on constructive possession where the defendant was found to be a resident of the premises on which the drugs were found.

In *State v. Mantell*, 71 Wn.2d 768, 430 P.2d 980 (1967), constructive possession was found on the facts that the defendant had the keys to the premises in which the drugs were found; he had sifted, rolled and smoked the marijuana; and he testified that he planned to sell the drugs. Dominion and control were thus proven.

In *State v. Morris*, 70 Wn.2d 27, 422 P.2d 27 (1966), the evidence established that the contraband was found in the premises for which the defendant paid the rent and there was substantial testimony that he resided at these premises.

It follows from a review of our cases on constructive possession of narcotics and dangerous drugs that in each instance there is evidence that the defendant was in

dominion and control of either the drugs or the premises on which the drugs were found.

Turning now to the evidence on the issue of defendant's constructive possession of the drugs, we see that

1. Two books, two guns and a set of broken scales belonging to defendant were found on the houseboat.

2. Defendant had been staying on the houseboat for the preceding 2 or 3 days, but was not a tenant, cotenant, or subtenant thereon.

3. Most of the drugs were found near the defendant.

4. Defendant admitted that he had handled the drugs earlier in the day.

This is not sufficient evidence to establish dominion and control and thus make the issue of constructive possession a question for the jury.

■ Although there was evidence that the defendant had been staying on the houseboat for a few days there was no evidence that he participated in paying the rent or maintained it as his residence. Further, there was no showing that the defendant had dominion or control over the houseboat. The single fact that he had personal possessions, not of the clothing or personal toilet article type, on the premises is insufficient to support such a conclusion.

■■ Consideration must be given to the ownership of the drugs as ownership can carry with it the right of dominion and control. A Charles Weaver testified that the drugs belonged to him; that he had brought them onto the boat; that he had not sold them or given them to anyone else; and that he had sole control over them. His testimony was substantiated by others who were on the boat at the time of the arrest and by persons who had seen him with the drugs earlier that day. This testimony was uncontradicted by the state. Evidence pointing to any dominion or control the defendant might have over the drugs was purely circumstantial and it is not within the rule of reasonable hypothesis to hold that proof of possession by the defendant may be established by circumstantial evidence when undisputed direct proof places exclusive possession in

some other person. See *State v. Charley,* 48 Wn.2d 126, 291 P.2d 673 (1955).

■ It is true that we have held that once possession of drugs is established, the burden shifts to the defendant to explain away the possession as unwitting, lawful, or otherwise excusable. *State v. Morris, supra.* Such rule, however, cannot be used to furnish the element which the state must first prove, namely, that the defendant was in possession of the proscribed goods.

Consequently, we find that there was insufficient evidence for the jury to find that the defendant had constructive possession of the drugs and the judgment must be reversed. It is so ordered.

HILL, FINLEY, and HAMILTON, JJ., and POYHONEN, J. Pro Tem., concur.

---

January 23, 1970. Petition for rehearing denied.