[No. 22092–6–I.   Division One.   March 26, 1990.]

THE STATE OF WASHINGTON, *Respondent,* v. EARLIE
ALLEN SPRUELL, ET AL, *Defendants,* LUTHER
MATHIS HILL, *Appellant.*

*Theresa B. Doyle* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Cynthia S.C. Gannett* and *William Lipscomb, Deputies,* for respondent.

SCHOLFIELD, J.—Luther Mathis Hill appeals his conviction for possession of cocaine. We reverse.

## FACTS

A search warrant was executed on January 8, 1987, at the home of Earlie Allen Spruell at 4708 S. Cloverdale Street in Seattle. Police officers forced open the front door using a battering ram, and as they entered the house, two men, later identified as Roy McLemore and Luther Hill, were in the kitchen. McLemore was seated at the kitchen table, and Detective Gary Greenbaum testified to his impression that Hill had just moved from the table. Hill was not seen actually sitting at the table. On the kitchen table, Greenbaum observed a small scale, baking soda, alcohol, several vials, white powder residue, a razor blade, McLemore's driver's license, and a set of car keys.

Detective Sergeant Charles McClure, stationed at the rear of the house, testified that a few seconds after the police entered the front door, he heard what sounded to him like a plate hitting the back door. When he entered through the back door, McClure observed a white powder residue alongside the door, additional white powder located in the doorjamb, and a plate located about a foot and a half from the door. There were chunks of white powder on the floor and caked powder between a chair and cupboards. The white powder in the kitchen was collected in a narcotics envelope and later identified at trial as cocaine. There was insufficient powder residue on the plate for testing. A fingerprint of Hill's was found on the plate. A paper bindle containing white powder was found in the waistband of McLemore's pants.

In addition to the cocaine found in the kitchen, 11 or 12 grams of marijuana were found on the floor in the kitchen,

a large paper bag containing approximately 190 grams of marijuana was found in a bedroom, and a Colt .357 magnum was found on the bed alongside the bag.

McLemore and Hill were found guilty of possession of cocaine, and Spruell was found guilty of the lesser included offense of possession of marijuana.

## SUFFICIENCY OF EVIDENCE OF POSSESSION OF COCAINE

Hill argues on appeal that there was insufficient evidence of actual or constructive possession of cocaine. He also argues there was insufficient evidence that he was anyone's accomplice. The State's response to Hill's argument relies upon his presence in the kitchen, his fingerprint on the plate, and Hill's "flight" from the kitchen table, to sustain the State's contention that Hill had actual physical control over and custody of the cocaine.

In appellate review of a challenge to the sufficiency of the evidence, the court must consider the evidence in the light most favorable to the State and reject the challenge if a rational trier of fact could have found all of the elements of the crime beyond a reasonable doubt. *State v. Baeza,* 100 Wn.2d 487, 670 P.2d 646 (1983). A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. *State v. Theroff,* 25 Wn. App. 590, 608 P.2d 1254, *aff'd,* 95 Wn.2d 385, 622 P.2d 1240 (1980).

The issue is whether the evidence is sufficient to sustain a finding of actual or constructive possession. Actual possession occurs when the goods are in the actual physical possession of the defendant. Constructive possession means that the defendant has dominion and control over the goods. *State v. Callahan,* 77 Wn.2d 27, 29, 459 P.2d 400 (1969).

## ACTUAL PHYSICAL POSSESSION

The evidence is insufficient to support a finding of actual physical possession of the cocaine. On this issue, the facts cannot be distinguished from *Callahan,* where the court

found the evidence insufficient to sustain a finding of actual possession. The *Callahan* facts reflect that when the police entered the houseboat, the defendant and another were seated at a desk on which were pills and hypodermic syringes. A cigar box containing drugs was on the floor between the two men. The defendant admitted that two guns, two books on narcotics, and a set of broken scales of a type used for measuring drugs found in the houseboat belonged to him. He further admitted that he had actually handled the drugs earlier that day.

From this evidence, the *Callahan* court concluded that there was no evidence that the defendant was in actual physical possession of the drugs, other than his close proximity to them at the time of his arrest and the fact that the defendant told the officers he had handled the drugs earlier. The *Callahan* court then stated at page 29:

> Since the drugs were not found on the defendant, the only basis on which the jury could find that the defendant had actual possession would be the fact that he had handled the drugs earlier and such actions are not sufficient for a charge of possession since possession entails actual control, not a passing control which is only a momentary handling. *See United States v. Landry*, 257 F.2d 425, 431 (7th Cir. 1958).

The *Callahan* court then proceeded to resolve the case on the basis of whether the defendant had constructive possession of the drugs. The fact that another occupant of the houseboat testified that the drugs were his influenced the court's decision on the issue of constructive possession, but was not a factor in the court's determination that the defendant did not have actual physical possession of the drugs. The facts of *Callahan* on the issue of actual physical possession cannot be distinguished from the facts of the case before us. Hill's fingerprint on the plate proves no more than that he touched the plate. The fingerprint evidence against Hill can have no more weight on an issue of actual possession than the defendant's admission in *Callahan* that he physically handled the drugs earlier in the day.

We reject the State's contention that the facts here show evidence of "flight" by Hill. The evidence shows he was

standing in the kitchen at the time the police entered. Apparently, the claim of flight is based upon the inference that he got up out of the chair when the police broke through the front door using a battering ram. This evidence does not amount to evidence of "flight," as there is no evidence that Hill made any effort to leave the premises in order to avoid arrest or took any action that could rationally be attributed to a consciousness of guilt. *State v. Bruton*, 66 Wn.2d 111, 401 P.2d 340 (1965).

The evidence being insufficient to sustain a finding of actual physical possession, Hill's challenge to the sufficiency of the evidence must be resolved as an issue of constructive possession.

### Constructive Possession

Showing dominion and control over the premises where the drugs are found is a means by which constructive possession of drugs is often established. This method is illustrated by *State v. Partin*, 88 Wn.2d 899, 567 P.2d 1136 (1977). However, the State does not argue the existence of evidence that would show Hill was an occupant of the premises or had dominion and control over the premises or any portion thereof. Therefore, the only basis on which Hill can be found guilty of possession of cocaine is evidence showing constructive possession, *i.e.,* dominion and control over the drugs themselves.

### Evidence Insufficient To Show Dominion and Control Over the Drugs

We have found no Washington cases where dominion and control over drugs has been found where there was no actual possession and the evidence was insufficient to support a finding of dominion and control over the premises where the drugs were located. The State attempted to prove in *Callahan* that the defendant had dominion and control over just the drugs, but the *Callahan* court found the evidence was insufficient. The opinion in *Callahan* indicates the court was influenced by the testimony of one Charles Weaver that the drugs belonged to him. The court

stated that circumstantial evidence of possession could not prevail in light of undisputed evidence that another person had exclusive ownership of the drugs.

■ The *Callahan* court also said, however, that evidence the defendant was a guest on the houseboat, that most of the drugs were found near the defendant, and his admission that he had handled the drugs earlier in the day were "not sufficient evidence to establish dominion and control and thus make the issue of constructive possession a question for the jury." *Callahan*, at 31.

*Callahan* appears to hold that where the evidence is insufficient to establish dominion and control of the premises, mere proximity to the drugs and evidence of momentary handling is not enough to support a finding of constructive possession.

This rule is supported by *State v. Hystad,* 36 Wn. App. 42, 49, 671 P.2d 793 (1983), *State v. Summers,* 45 Wn. App. 761, 728 P.2d 613 (1986), and *State v. Mathews,* 4 Wn. App. 653, 484 P.2d 942 (1971), where the court said at page 656:

> Mere proximity to the drugs is not enough to establish constructive possession—it must be established that the defendant exercised dominion and control over either the drugs or the area in which they were found.

There is no evidence in this case involving Hill other than the testimony of his presence in the kitchen when the officers entered and the testimony of the conditions there described by Detective Greenbaum and Detective Sergeant McClure. There is no evidence relating to why Hill was in the house, how long he had been there, or whether he had ever been there on days previous to his arrest. There is no evidence of any activity by Hill in the house. So far as the record shows, he had no connection with the house or the cocaine, other than being present and having a fingerprint on a dish which appeared to have contained cocaine immediately prior to the forced entry of the police. Neither of the police officers testified to anything that was inconsistent with Hill being a mere visitor in the house. There is no

basis for finding that Hill had dominion and control over the drugs. Our case law makes it clear that presence and proximity to the drugs is not enough. There must be some evidence from which a trier of fact can infer dominion and control over the drugs themselves. That evidence being absent, Hill's conviction must be reversed and dismissed on double jeopardy grounds. *State v. Dowling,* 98 Wn.2d 542 656 P.2d 497 (1983); *State v. Summers,* 45 Wn. App. 761, 728 P.2d 613 (1986); *State v. Matuszewski,* 30 Wn. App. 714, 637 P.2d 994 (1981), *review denied,* 97 Wn.2d 1031 (1982).

Due to our disposition of this case on insufficiency of the evidence, we do not reach Hill's other assignments of error. This case is remanded to the trial court with instructions to dismiss.

SWANSON and PEKELIS, JJ., concur.