[No. 21582-2-III. Division Three. July 15, 2004.]

THE STATE OF WASHINGTON, *Respondent*, v. TIMOTHY R. COTE, *Appellant*.

*James E. Egan*, for appellant.

*Andrew K. Miller*, *Prosecuting Attorney*, and *Monica K. Hollenberg*, *Deputy*, for respondent.

KATO, C. J. — Timothy R. Cote was convicted of possession of ephedrine or pseudoephedrine with intent to manufacture. Claiming the evidence was insufficient to support the conviction, he appeals. We agree and reverse.

On November 21, 2001, Detectives Duane Clarke and Curt Smith went to a residence at 203215 East Perkins Road in Benton County to serve an arrest warrant on Jimmy O'Hair, who lived at the residence with his girl friend, Barbara Martin. While at the residence, Detective

Clarke noticed an unfamiliar truck in the driveway and ran the license plate. As he was leaving the residence, dispatch told him the vehicle had been reported stolen. Mr. O'Hair then told the detective that Mr. Cote and another man, David Sarbacher, had arrived in the truck. After obtaining backup, the detectives returned to the house and knocked on the door. When Ms. Martin answered the door, they told her they were back because the truck was stolen and they needed to talk to Mr. Cote. She let them into the house. Mr. Cote was arrested on an outstanding King County felony warrant.

A syringe and components of a methamphetamine lab, including two Mason jars containing various chemicals, were found in the stolen truck. Mr. Cote's fingerprints were found on the Mason jars.

The State charged Mr. Cote with manufacture of methamphetamine or, in the alternative, possession of pseudoephedrine or ephedrine with intent to manufacture methamphetamine, and taking a motor vehicle without permission. At trial, Mr. O'Hair testified that on November 21, 2001, Mr. Cote visited him at Ms. Martin's house. He saw Mr. Cote arrive as a passenger in the stolen truck. A forensic scientist testified that there was sufficient evidence to conclude that pseudoephedrine was being extracted and purified.

Mr. Cote was convicted of possession of pseudoephedrine or ephedrine with intent to manufacture methamphetamine but acquitted of the other charges. The court sentenced him to 108 months. This appeal followed.

■■ Mr. Cote claims that the evidence was insufficient to support his conviction. When a defendant challenges the sufficiency of the evidence, we view the evidence in a light most favorable to the State and determine whether any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Green*, 94 Wn.2d 216, 220-22, 616 P.2d 628 (1980). The elements of a crime may be established by either direct or circumstantial evidence. *State v. Gosby*, 85 Wn.2d 758, 765-66, 539 P.2d 680

(1975). In conducting this review, we draw all reasonable inferences in favor of the State. *State v. Partin*, 88 Wn.2d 899, 906-07, 567 P.2d 1136 (1977).

■ Mr. Cote claims the evidence did not establish that he had possession of the ephedrine or pseudoephedrine. In a prosecution for possession, the State must prove that the defendant either actually or constructively possessed the contraband. *State v. Roberts*, 80 Wn. App. 342, 353, 908 P.2d 892 (1996). Actual possession requires physical custody. *State v. Cantabrana*, 83 Wn. App. 204, 206, 921 P.2d 572 (1996). Constructive possession requires dominion and control over the contraband or the premises containing it. *Id.* Constructive possession may be joint. *See State v. Harris*, 14 Wn. App. 414, 417, 542 P.2d 122 (1975), *review denied*, 86 Wn.2d 1010 (1976).

Mr. Cote was not in actual possession of the contraband upon his arrest. The question is whether the evidence that he was a passenger in the truck where the contraband was found, coupled with his fingerprints on the Mason jar, is sufficient to establish constructive possession.

■ Determining whether there is constructive possession requires examination of the "totality of the situation" to ascertain if substantial evidence tending to establish circumstances from which the trier of fact can reasonably infer the defendant had dominion and control over the contraband exists. *Partin*, 88 Wn.2d at 906 (emphasis omitted). Exclusive control is not necessary to establish constructive possession, but mere proximity to the contraband is insufficient. *State v. Davis*, 117 Wn. App. 702, 708-09, 72 P.3d 1134 (2003), *review denied*, 151 Wn.2d 1007 (2004).

Mr. Cote relies primarily on *State v. Callahan*, 77 Wn.2d 27, 459 P.2d 400 (1969), and *State v. Spruell*, 57 Wn. App. 383, 788 P.2d 21 (1990). In *Callahan*, drugs were found in a houseboat near the defendant, who admitted handling the drugs earlier that day. *Callahan*, 77 Wn.2d at 28-29. The court held that the defendant's mere momentary handling of the drugs was insufficient to establish actual possession.

*Id.* The court also held that because the defendant was only a guest on the houseboat, the circumstances did not establish dominion and control over the drugs sufficient to prove constructive possession. *Id.* at 31.

 Unlike *Callahan*, the State here did not claim Mr. Cote had actual possession of the drugs. But similar to *Callahan*, the evidence established only Mr. Cote's proximity to the drugs and his mere handling of them. The court in *Callahan* found these circumstances insufficient to establish constructive possession. *Callahan*, 77 Wn.2d at 31.

In *Spruell*, the defendant was arrested in close proximity to drugs found in a house, but the State failed to present evidence that the defendant had dominion and control over the premises. *Spruell*, 57 Wn. App. at 387-88. The State thus failed to prove the defendant actually or constructively possessed the drugs. *Id.* at 388.

Mr. Cote was not in or near the truck at the time of his arrest. He was seen as a passenger in the truck, but this alone does not establish he had dominion and control over it. *See State v. Plank*, 46 Wn. App. 728, 733, 731 P.2d 1170 (1987) (mere fact that defendant is a passenger in a stolen vehicle is not sufficient to establish dominion and control). There is also no evidence indicating that the Mason jar containing Mr. Cote's fingerprint was found in the passenger area of the truck. The officer indicated it was in the "back of the stolen pickup." Report of Proceedings (Oct. 22, 2002) at 101. Moreover, the fingerprint on the jar proves only that Mr. Cote touched it. *See Spruell*, 57 Wn. App. at 386.

The evidence establishes that Mr. Cote was at one point in proximity to the contraband and touched it. But under *Callahan* and *Spruell* this is insufficient to establish dominion and control. Accordingly, there was no evidence of constructive possession. Because this issue is dispositive, we will not address the other issues raised in this appeal.

The conviction is reversed.

SWEENEY and KURTZ, JJ., concur.