
# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 70346-3-I |
| | ) | |
| Respondent, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL DEAN HAMILTON, | ) | UNPUBLISHED |
| | ) | |
| Appellant. | ) | FILED: July 29, 2013 |
| | ) | |

Cox, J. — Michael Hamilton appeals his conviction of possession of methamphetamine, arguing that the State presented insufficient evidence to prove he constructively possessed methamphetamine. Hamilton also claims he received ineffective assistance of counsel and that the prosecutor committed prosecutorial misconduct that deprived Hamilton of his right to due process. We disagree with all claims and affirm.

State Trooper Ryan Santhuff stopped Hamilton for a traffic infraction as he was driving a full-size, semi-truck back to Hoquiam from Burlington, Washington. The truck was owned by the company Hamilton worked for and was used by a number of drivers. While Hamilton was driving the truck, he was the only one using it.

During the traffic stop, Trooper Santhuff noticed an odor coming from the truck's cab that he associated with methamphetamine. He asked Hamilton if there was methamphetamine in the truck, and Hamilton said "no." Hamilton then

explained that he thought the smell was that of a new vehicle. Trooper Santhuff then asked Hamilton if he would consent to a search of the vehicle. Hamilton consented.

In his search of the truck's cab, Trooper Santhuff found a small baggie containing what, after testing, was found to be methamphetamine residue. Trooper Santhuff also found a pipe in a pair of jeans that could be used to smoke methamphetamine.

The State charged Hamilton with one count of possession of a controlled substance. Hamilton testified at trial that the jeans were not his. He stated that he had only brought a sweatshirt, food, and a logbook with him when he began his shift in the truck. The jury found Hamilton guilty of possession of a controlled substance.

Hamilton appeals.

## SUFFICIENCY OF THE EVIDENCE – CONSTRUCTIVE POSSESSION

Hamilton argues that the State failed to produce evidence sufficient to prove that he constructively possessed a controlled substance. We disagree.

Sufficient evidence supports a jury's verdict if any rationale trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[1] In making this determination, we view the evidence in the light most favorable to the State.[2] Additionally, all reasonable inferences are drawn in favor

---

[1] State v. George, 146 Wn. App. 906, 919, 193 P.3d 693 (2008).

[2] Id.

of the State, and the evidence is interpreted most strongly against the defendant.[3]

Possession may be actual or constructive.[4] "'[C]onstructive possession can be established by showing the defendant had dominion and control over the [contraband] or over the premises where the [contraband] was found.'"[5] "An automobile may be considered a 'premises.'"[6] Exclusive control is not required and "more than one defendant may be in possession of the same prohibited item."[7] To determine whether there is constructive possession, courts examine the "totality of the situation" to ascertain if substantial evidence exists that tends to establish circumstances from which the trier of fact can reasonably infer the defendant had dominion and control over the contraband.[8] Generally, where the State cannot establish the defendant had dominion and control over the premises where the drugs were found, mere proximity to the drugs is not sufficient to establish constructive possession.[9]

---

[3] Id. (citing State v. Gentry, 125 Wn.2d 570, 597, 888 P.2d 1105 (1995)).

[4] State v. Echeverria, 85 Wn. App. 777, 783, 934 P.2d 1214 (1997).

[5] State v. Manion, 173 Wn. App. 610, 634, 295 P.3d 270 (2013) (quoting State v. Lee, 158 Wn. App. 513, 517, 243 P.3d 929 (2010)) (some alterations in original)

[6] George, 146 Wn. App. at 920.

[7] Id. (citing State v. Turner, 103 Wn. App. 515, 522, 13 P.3d 234 (2000)).

[8] State v. Partin, 88 Wn.2d 899, 906, 567 P.2d 1136 (1977), vacated on other grounds by State v. Lyons, 174 Wn.2d 354, 364, 275 P.3d 314 (2012).

[9] State v. Mathews, 4 Wn. App. 653, 656, 484 P.2d 942 (1971) ("Mere proximity to the drugs is not enough to establish constructive possession—it

Here, Hamilton had no controlled substances on his person at the time of his arrest. Thus, the State had to prove that Hamilton constructively possessed the methamphetamine found in the truck.[10] The State produced sufficient evidence to do so.

The State's cross-examination of Hamilton demonstrated that he had dominion and control of the truck where the methamphetamine was found.

> Q. . . . I take it since you drove the truck, you actually had control of the truck at [the time you were driving it], you controlled where you went, how you drove the truck?"
>
> A. Sure.
>
> Q. You had keys to the truck?
>
> A. Uh-huh.
>
> . . .
>
> Q. Did you make any stops on the way back [from Burlington]?
>
> A. Just the rest area.
>
> . . .
>
> Q. So when you were at the rest area, if somebody wanted to go into your truck, you can tell them, hey, you can't come in here, this is my company's truck, it's mine right now, you can't go in there?

---

must be established that the defendant exercised dominion and control over either the drugs or the area in which they were found."); George, 146 Wn. App. at 921 ("Our case law makes it clear that presence and proximity to the drugs is not enough. There must be some evidence from which a trier of fact can infer dominion and control over the drugs themselves. That evidence being absent, Hill's conviction must be reversed and dismissed on double jeopardy grounds.").

[10] State v. Callahan, 77 Wn.2d 27, 29, 459 P.2d 400 (1969); see also State v. Paine, 69 Wn. App. 873, 878, 850 P.2d 1369 (1993) ("Since Paine had no controlled substances on his person at the time of his arrest, the State had to prove possession through the doctrine of constructive possession.").

A. Sure.

Q. So you can exclude other people, you can exclude other people from the inside of your truck?

A. Sure.[11]

This evidence establishes that Hamilton could exclude individuals from his truck and that he had possession of its keys at all times on the night in question. The State produced sufficient evidence to demonstrate that Hamilton constructively possessed the drugs.

Hamilton argues that he only had temporary use of his employer's truck and thus lacked dominion and control of it. But this argument is unsupported by case law. To support his argument, Hamilton points to State v. Callahan.[12]

There, police officers searched a houseboat and found controlled substances and drug paraphernalia.[13] Callahan was found in the house and charged with possession of a controlled substance.[14] Though he had lived on the houseboat for 2 to 3 days before the search, the supreme court concluded that Callahan was not a tenant or cotenant of the residence.[15] The court held

---

[11] Report of Proceeding (Jan. 30, 2012) at 97-98.

[12] 77 Wn.2d 27, 459 P.2d 400 (1969).

[13] Id. at 28.

[14] Id. at 28-29.

[15] Id. at 31.

that the State had not produced sufficient evidence to demonstrate Callahan constructively possessed the controlled substances in question.[16]

> Although there was evidence that the defendant had been staying on the houseboat for a few days there was no evidence that he participated in paying the rent or maintained it as his residence. Further, ***there was no showing that the defendant had dominion or control over the houseboat.*** The single fact that he had personal possessions, not of the clothing or personal toilet article type, on the premises is insufficient to support such a conclusion.[17]

Here, in contrast, the State produced sufficient evidence to demonstrate that Hamilton had dominion and control over the truck. Thus, Callahan is not helpful.

Hamilton also argues that State v. Spruell[18] is akin to this case because, "[l]ike the defendant in Spruell, here Mr. Hamilton was essentially a visitor to the premises, in this case, the truck." But, in Spruell, the defendant, Hill, did not own the home in which the controlled substances were found, nor was he a tenant of the residence.[19] Hill's only connection to the drugs found in Spruell's home was that he was in the house at the time the police entered.[20] This is unlike Hamilton, who had control of and could exclude people from the truck in which the methamphetamine was found.

---

[16] Id. at 31-32.

[17] Id. at 31 (emphasis added).

[18] 57 Wn. App. 383, 788 P.2d 21 (1990).

[19] Spruell, 57 Wn. App. at 388-89.

[20] Id.

Finally, Hamilton relies on State v. George.[21] But, there, the defendant was a passenger in a car driven and owned by another individual.[22] He did not have possession of the keys, nor could he control the individuals who came into or out of the car at the time the drugs were found inside.[23] Thus, this case is unlike the one before us.

## INEFFECTIVE ASSISTANCE OF COUNSEL

Hamilton next argues that his counsel's performance was so deficient that he need not demonstrate it was prejudicial. Alternatively, Hamilton argues that his counsel's performance was deficient and that, but for his deficient performance, there is a reasonable probability that the outcome of his trial would have been different.[24] We disagree with both arguments.

This court presumes that a counsel's representation of his client was reasonable.[25] A defendant can "'rebut this presumption by proving that his attorney's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy.'"[26]

---

[21] 146 Wn. App. 906, 193 P.3d 693 (2008).

[22] Id. at 912-13.

[23] Id. at 919-20.

[24] Appellant's Brief at 36 (citing Strickland v. Washington, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); State v. Grier, 171 Wn.2d 17, 34, 246 P.3d 1260 (2011)).

[25] Strickland, 466 U.S. at 689.

[26] In re Davis, 152 Wn.2d 647, 673, 101 P.3d 1 (2004) (quoting Kimmelman v. Morrison, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed. 2d 305 (1986) (citing Strickland, 466 U.S. at 688-89)).

To demonstrate ineffectiveness, a defendant must show that, but for the deficient performance, there is a reasonable probability that the outcome of the trial would have been different.[27]

A claim of ineffective assistance of counsel presents a mixed question of fact and law that we review de novo.[28]

Here, Hamilton contends his counsel was ineffective because: (1) he conceded that Hamilton had "dominion and control" of the truck; (2) he argued that knowledge was an element of proving possession, and (3) he did not effectively argue the defense of unwitting possession. Assuming without deciding that Hamilton's attorney's performance was deficient, it is not reasonably probable that, but for his errors, the outcome of the trial would have been different.

First, during closing argument, Hamilton's counsel readily admitted that his client had dominion and control over the vehicle. But, given Hamilton's testimony about his ability to exclude individuals from the truck and his possession of its keys, there is no reasonable probability that this admission by his counsel altered the outcome of the trial.

Second, while Hamilton's trial counsel did misstate the possession of controlled substance elements, there is no reasonable probability that but for this misstatement, the outcome of the trial would have been different. Hamilton's

---

[27] In re Pers. Restraint of Pirtle, 136 Wn.2d 467, 487, 965 P.2d 593 (1998).

[28] State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

counsel erroneously argued that the State had the burden to prove Hamilton knowingly possessed the drug in question. He stated that Hamilton's dominion and control over the truck was "not in dispute. What's in dispute is did he know what's in the pants. . . . [T]hat's what it is, and what evidence has the State used to convince you beyond a reasonable doubt that he knew what was in those pants . . . ."[29] This is not one of the elements of possession that the State must prove.

Nevertheless, the jury was properly instructed as to the elements the State had to prove. And a jury is presumed to follow the court's instructions.[30] Moreover, the State expressly directed the jury's attention to the correct instructions during closing. Accordingly, Hamilton's counsel's misstatement of the law was not prejudicial.

Finally, Hamilton argues that his counsel failed to argue the defense of unwitting possession and that he was consequently ineffective. But, the record does not support this contention. During closing argument, Hamilton's counsel argued:

> Now, I've been saying that I don't have any duty, I don't have any burden in this case, which I don't. If you are going to convict him of the crime, all the burden lies on the State to convince you beyond a reasonable doubt, but you did hear the judge instruct you on [the unwitting possession defense] . . . in which a defendant is not guilty . . . if you're satisfied by a preponderance of the evidence to the elements of that instruction, right? And so essentially that's something we have to produce.

---

[29] Report of Proceedings (Jan. 30, 2012) at 127.

[30] State v. Foster, 135 Wn.2d 441, 472, 957 P.2d 712 (1998).

. . .

> I support there is evidence to find him not guilty based on that instruction and based on the evidence . . . .[31]

Hamilton's counsel raised and argued the defense of unwitting possession.

Thus, his performance was not deficient.

Hamilton argues that his counsel "entirely fail[ed] to subject the prosecution's case to meaningful adversarial testing . . . ." Thus, he argues, his counsel was presumptively ineffective.[32] But, this case is not akin to those in which courts have found that attorney's performance has been so deficient as to warrant presumptive ineffectiveness. In those cases, defense counsel typically conceded its entire case.[33] For example, in United States v. Swanson, during his closing, Swanson's counsel conceded that there was no reasonable doubt of his client's guilt:

> "[a]gain in this case, I don't think it really overall comes to the level of raising reasonable doubt." After pointing out that the witnesses had varied in their recollection of the length of time the perpetrator was in the bank, Mr. Ochoa told the jury, "the only reason I point this out, not because I am trying to raise reasonable doubt now,

---

[31] Report of Proceedings (Jan. 30, 2012) at 132-33.

[32] Appellant's Brief at 25 (quoting United States v. Cronic, 466 U.S. 648, 659, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984)).

[33] See, e.g., Cronic, 466 U.S. at 659 n.25 (noting that no showing of prejudice is required where counsel was either totally absent or prevented from assisting the accused during a critical stage of the proceeding); United States v. Swanson, 943 F.2d 1070, 1071 (9th Cir. 1991) (holding that no prejudice need be demonstrated where defense counsel conceded that there was really no reasonable doubt of his client's innocence); Hovey v. Ayers, 458 F.3d 892, 906-07 (9th Cir. 2006) (counsel's concession at closing statement constituted "only a few isolated sentences within the entire trial" and did not constitute such ineffective assistance of counsel such that prejudice was presumed).

because again I don't want to insult your intelligence . . . ." He concluded his argument by telling the jurors that if they found Swanson guilty they should not "ever look back" and agonize regarding whether they had done the right thing.[34]

Here, in contrast, Hamilton's counsel did not "entirely fail to subject the prosecution's case to meaningful adversarial testing . . . ."[35] Thus, his performance was not presumptively ineffective.

## PROSECUTORIAL MISCONDUCT

Hamilton also argues that prosecutorial misconduct deprived him of his right to a fair trial. We disagree.

Prosecutorial misconduct is grounds for reversal if the prosecuting attorney's conduct was both improper and prejudicial.[36] We evaluate a prosecutor's conduct by examining it in the full trial context, including the evidence presented, the total argument, the issues in the case, the evidence addressed in the argument, and the jury instructions.

Failure to object to an improper remark constitutes a waiver of error unless the remark is so flagrant and ill-intentioned that it causes an enduring and resulting prejudice that could not have been neutralized by an admonition to the jury.[37] "Reversal is not required if the error could have been obviated by a

---

[34] 943 F.2d 1070, 1071 (9th Cir. 1991).

[35] Cronic, 466 U.S. at 659.

[36] State v. Monday, 171 Wn.2d 667, 675, 257 P.3d 551 (2011).

[37] State v. Russell, 125 Wn.2d 24, 86, 882 P.2d 747 (1994).

11

curative instruction which the defense did not request."[38] "In other words, a conviction must be reversed only if there is a substantial likelihood that the alleged prosecutorial misconduct affected the verdict."[39]

Here, Hamilton argues that the prosecutor improperly explained the preponderance of the evidence standard. The prosecutor stated that

> when you go back and you think about Jury Instruction No. 11 [the unwitting possession defense instruction] and what [the defendant's] burden is, would you say that based on what Mr. Hamilton, himself, said that you're willing to award him a million dollars to say that he didn't' know that methamphetamine was in the car . . . .?[40]

Even if Hamilton's counsel had objected to this explanation, which he did not, it would not have been prejudicial. The trial court properly instructed the jury as to the definition of preponderance of the evidence. A jury is presumed to follow the trial court's instructions, and thus Hamilton cannot demonstrate that the prosecutor's comments, even if improper, were prejudicial.[41] This is especially true given Hamilton's counsel's failure to object to the prosecutor's statements.[42] Thus, Hamilton cannot demonstrate that he was deprived of a fair trial due to prosecutorial misconduct.

---

[38] Gentry, 125 Wn.2d at 640.

[39] Russell, 125 Wn.2d at 86.

[40] Report of Proceedings (Jan. 30, 2012) at 144.

[41] Carnation Co., Inc. v. Hill, 54 Wn. App. 806, 811, 776 P.2d 158 (1989).

[42] Gentry, 125 Wn.2d at 640.

Hamilton argues that the prosecutor's explanation was prejudicial because "[o]nce jurors got in their minds the idea of awarding Mr. Hamilton a million dollars if they believed his possession was unwitting, it would be an impossible image to erase."[43] But, this claim, that the trial court's instructions could not overcome the prosecutor's argument, is unsupported by any citation to authority or other argument. It is thus unconvincing.

Hamilton also argues that, because his case was generally a "credibility contest," the prosecutor's comments were all the more prejudicial.[44] He notes, "[i]n cases where a conviction is reversed for prosecutorial error, the evidence has generally been a 'credibility contest.'"[45] But, the fact that other cases have been overturned due to prosecutorial misconduct does not mean that this case should also be. Without demonstrating that he was prejudiced by the prosecutor's comments, Hamilton cannot prove prosecutorial misconduct. He fails to show prejudice, and thus his argument fails.

We affirm the judgment and sentence.

_Cox, J._

---

[43] Appellant's Brief at 40.

[44] Id. at 41.

[45] Id.