# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
## DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76951-1-I |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| AARON MICHAEL VARGAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | FILED: October 1, 2018 |

VERELLEN, J. — Aaron Vargas appeals his conviction for seven counts of unlawful possession of a firearm on the grounds that he received ineffective assistance of counsel. Because his attorney's decision not to request a limiting instruction was a legitimate trial tactic in this case, Vargas does not establish ineffective assistance.

Therefore, we affirm.

## FACTS

On June 29, 2015, Officers Tim O'Hara and Paul Stewart responded to a call from Alyssa Vargas reporting a domestic disturbance. After inviting the officers inside, Alyssa[1] led the officers down the hall to a safe containing

---

[1] For purposes of clarity, we refer to Alyssa by her first name.

numerous firearms and ammunition. Officer O'Hara knew about Vargas's prior serious felony offense prohibiting him from possessing guns, so, with Alyssa's consent, he seized the guns and ammunition. Police also recovered firearms from a locked box in the basement area. The State charged Vargas with 10 counts of first degree unlawful possession of a firearm.

At trial, Officer O'Hara testified he and Stewart were concerned for their safety because "[w]e received information that Mr. Vargas may still be in the house downstairs [in a locked basement apartment] and that he could be armed with a firearm . . . [and] [w]e had information that there may also be a grenade involved downstairs as well."[2] Defense counsel objected on hearsay grounds because the information came from Alyssa, whom the marital privilege prevented from testifying.[3] The court overruled the objection because the State offered the testimony for the nonhearsay purpose of explaining the safety precautions taken by the officers responding to the scene.[4]

Defense counsel did not request a limiting instruction for Officer O'Hara's testimony.

During closing arguments, neither the prosecutor nor defense counsel discussed Officer O'Hara's testimony about Vargas possibly being armed with a

---

[2] Report of Proceedings (RP) (Mar. 21, 2017) at 457, 464.

[3] Defense counsel also objected on grounds of relevance and undue prejudice. The court overruled those objections as well.

[4] By the time Vargas was arrested, police officers had barricaded the basement, obtained a search warrant for the house, and called in a SWAT team.

gun and a grenade. The prosecutor argued Vargas constructively possessed the firearms found in his house. In response, defense counsel argued Vargas did not have constructive possession and the State failed to prove its case.

The jury found Vargas guilty of seven counts of unlawful possession of a firearm.

Vargas appeals.

<u>ANALYSIS</u>

Vargas argues his counsel's performance was constitutionally deficient because she did not request a limiting instruction for hearsay statements admitted for a nonhearsay purpose. Although Vargas did not raise this issue in the trial court, we may consider his claim for the first time on appeal because ineffective assistance of counsel is an issue of constitutional magnitude.[5] A claim of ineffective assistance of counsel is a mixed question of law and fact we review de novo.[6]

The defendant bears the burden of proving ineffective assistance of counsel.[7] First, the defendant must prove his counsel's performance was deficient.[8] Second, the defendant must prove his counsel's deficient performance

---

[5] State v. Kyllo, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

[6] State v. Sutherby, 165 Wn.2d 870, 883, 204 P.3d 916 (2009).

[7] State v. Grier, 171 Wn.2d 17, 33, 246 P.3d 1260 (2011) (quoting Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).

[8] Id. at 32 (quoting Strickland, 466 U.S. at 687).

prejudiced his defense.[9] Failure to prove either deficiency or prejudice ends the inquiry.[10]

A limiting instruction restricts the purposes and scope for which a jury considers evidence.[11] ER 105 requires "[w]hen evidence which is admissible as to one party or for one purpose but not admissible as to another party or for another purpose is admitted, the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly."

Vargas contends that Officer O'Hara's testimony was inadmissible hearsay. Hearsay is an out of court statement offered in evidence to prove the truth of the matter asserted.[12] Officer O'Hara based his testimony on Alyssa's out of court statements about Vargas possibly being armed with a gun and a grenade. If offered into evidence for its truth, then his testimony would be hearsay. Because it was offered for another purpose, it is not.

Vargas was entitled to a limiting instruction because no hearsay exception applied, and the evidence was admitted for the nonhearsay purpose of explaining police safety precautions.[13] Because Vargas was entitled to a limiting instruction,

---

[9] Grier, 171 Wn.2d at 33 (quoting Strickland, 466 U.S. at 687).

[10] State v. Woods, 198 Wn. App. 453, 461, 393 P.3d 886 (2017).

[11] See ER 105.

[12] ER 801(c).

[13] The State moved in limine to admit Officer O'Hara's testimony under the hearsay exception for an excited utterance, but the court denied the motion. The State did not appeal the trial court's ruling and does not argue any other exceptions apply.

his counsel's performance was "deficient if it [fell] 'below an objective standard of reasonableness.'"[14]

A defendant must overcome "'a strong presumption that counsel's performance was reasonable.'"[15] When defense counsel's decisions "'can be characterized as legitimate trial strategy or tactics, performance is not deficient.'"[16]

To convict Vargas, the State had to prove he had actual or constructive possession of a firearm.[17] Actual possession entails "'personal custody'" or "'actual physical possession.'"[18] Constructive possession entails "dominion and control over the firearm or over the premises where the firearm was found."[19] The State focused on constructive possession and implicitly admitted in closing that Vargas lacked actual possession of any firearms:

> And defense has asked a series of questions during this case, well did anybody see Aaron Vargas holding a firearm? And no, no, we didn't. The officers saw him come out of the house. They told him to come out unarmed. He didn't come out with a handgun. And when he came out of the house, he didn't have a weapon on him.
>
> Possession is not whether I am holding something. Possession is I can possess something because it's in my house. . . .

---

[14] Grier, 171 Wn.2d at 33 (quoting Strickland, 466 U.S. at 688).

[15] Id. (quoting Kyllo, 166 Wn.2d at 862).

[16] Id. (quoting Kyllo, 166 Wn.2d at 863).

[17] See RCW 9.41.040(1)(a); State v. Manion, 173 Wn. App. 610, 634, 295 P.3d 270 (2013) ("Possession of a firearm can be actual possession or constructive possession.").

[18] Manion, 173 Wn. App. at 634 (quoting State v. Staley, 123 Wn.2d 794, 798, 872 P.2d 502 (1994)).

[19] Id. (quoting State v. Spruell, 57 Wn. App. 383, 385, 788 P.2d 21 (1990)).

Proximity—construct[ive] possession, occurs when there is no actual physical possession but there is dominion and control.

. . . .

He doesn't have to hold the gun to possess it. No one has to see him holding the gun for him to have possession or control over it.[20]

Defense counsel pressed five of the State's witnesses during cross-examination to admit they never saw Vargas physically possess a firearm. She also closely questioned officers about whether they found Vargas's fingerprints or DNA on any guns in his house. In addition, defense counsel objected to Officer O'Hara's hearsay testimony, in part, on Vargas's lack of actual possession.

[A]llowing information that Mr. Vargas was armed with a firearm, in possession of a firearm, is a backdoor way of getting in information that I don't think any of us actually know. It's not before the [c]ourt, and there is no evidence that will be put forward that he was actually in possession of a firearm.[21]

Defense counsel began her closing argument by explaining that Vargas never physically possessed a gun.

There is no dispute that Mr. Vargas did not have actual possession of any of those guns. Every witness who I asked, you never saw Mr. Vargas with the gun in his hand, they agreed with me. There is no evidence that Mr. Vargas was ever in possession, actual possession, of any of those guns.[22]

Defense counsel also argued the absence of proof about Vargas actually possessing firearms suggested that he could not have constructively possessed

---

[20] RP (Mar. 24, 2017) at 956-58.

[21] RP (Mar. 21, 2017) at 461.

[22] RP (Mar. 24, 2017) at 963.

firearms either.[23] She further argued the State failed to show constructive possession in part because no police officer found Vargas's fingerprints or DNA on the upstairs safe or on the guns inside. This tactic linked the questions about Vargas's actual possession of a firearm to his constructive possession of a firearm.

A limiting instruction would have reminded the jury about testimony that, according to defense counsel, served as a "backdoor way of getting in information"[24] suggesting actual possession of a firearm.[25] Because defense counsel's trial theory connected her client's lack of constructive possession to his lack of actual possession, a limiting instruction could have undermined this theory by reminding the jury about Officer O'Hara's testimony. Defense counsel made a legitimate tactical decision.

Similarly, defense counsel in State v. Wafford did not request a limiting instruction on inadmissible hearsay that spoke directly to his client's guilt.[26] There, an old video showed an interview with the victim discussing whether the defendant had molested her at the time.[27] In the video, the victim did not actually describe an

---

[23] Id. at 964 ("The first factor that [the elements for constructive possession] lays out is whether he had the immediate ability to take actual possession of one of those firearms. So let's talk about that.").

[24] RP (Mar. 21, 2017) at 461.

[25] See, e.g., Woods, 198 Wn. App. at 462 ("[A] separate limiting instruction . . . could serve as an unwanted reminder of damaging testimony.")

[26] 199 Wn. App. 32, 41-42, 397 P.3d 926 (2017).

[27] Id. at 34.

act of sexual contact with the defendant, so the trial court excluded the video as inadmissible under the child hearsay statute.[28] During the trial and despite the trial court's ruling, defense counsel explicitly referenced the video and the girl's lack of an accusation against the defendant.[29] As a result, the court allowed a portion of the video to be shown to the jury.[30] In the portion shown, the victim nodded her head when asked if the defendant had ever exposed himself to her.[31] Defense counsel did not request a limiting instruction, and the jury convicted the defendant.[32] Because a limiting instruction would have prevented the defendant's counsel from using the video to argue for his client's innocence, this court held that not requesting an instruction was a legitimate trial tactic.[33]

Here, a limiting instruction could have undermined Vargas's theory of the case by reminding the jury about inculpatory information.[34] Not requesting a limiting instruction was a legitimate trial tactic and did not constitute ineffective assistance of counsel.[35]

---

[28] Id. at 35.

[29] Id. at 35, 41.

[30] Id. at 36.

[31] Id. at 40-41.

[32] Id. at 36, 41.

[33] Id. at 41-42.

[34] Woods, 198 Wn. App. at 462.

[35] Wafford, 199 Wn. App. at 41-42.

Because Vargas fails to prove that his defense counsel was deficient, we need not address whether his counsel's decision prejudiced his trial.

Therefore, we affirm.

WE CONCUR:

_____

Mann, ACJ

_____

Chun, J.