**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50952-1-II |
| Respondent, | |
| v. | UNPUBLISHED OPINION |
| SHYLEE BARTLETT, | |
| Appellant. | |

GLASGOW, J. — Shylee Bartlett was sitting on a bed in a garage living area when police executed a search warrant for the garage. Police found methamphetamine in a briefcase under the bed that also contained a hospital bracelet with Bartlett's name on it. They also found heroin on a nearby dresser. The State charged Bartlett with one count of methamphetamine possession and one count of heroin possession. Bartlett was convicted on the methamphetamine charge but acquitted on the heroin charge. She appeals the conviction for possession of methamphetamine.

Bartlett argues that there was insufficient evidence to support her conviction, prosecutorial misconduct deprived her of a fair trial because in closing argument the prosecutor referred to facts not established at trial, and she received ineffective assistance of counsel because her attorney failed to object. Bartlett also challenges the imposition of a criminal filing and a DNA collection fee, as well as the related interest provision, as part of her sentence.

We hold that Bartlett's conviction was supported by sufficient evidence, the prosecutor's remark was not so flagrant and ill-intentioned that an instruction could not have cured the resulting prejudice, and Bartlett was not prejudiced by the lack of objection. We affirm Bartlett's conviction. We remand, however, so that the fees and the related interest provision can be stricken from the judgment and sentence.

FACTS

Police executed a search warrant at the home of Brandon Coons. Coons was the named target of the warrant and lived in the garage, while two other women lived in the house. When police entered the garage they saw Coons and Bartlett sitting on a bed, as well as drugs and drug paraphernalia in plain sight. On the floor there was a pipe containing methamphetamine, and in and on the dresser police found a bag of methamphetamine, a spoon with heroin residue, and other drug paraphernalia. Under the bed, police found a briefcase containing a digital scale, a plastic container of methamphetamine, and a hospital bracelet with Bartlett's name that was dated the day before.

The State charged Bartlett with one count of possession of methamphetamine and one count of possession of heroin.

At trial, the State asked one of the police detectives if he had seen male and female clothing in the dresser, but the court sustained Bartlett's objection before the detective answered. The detective then testified that he could not remember what was inside the dresser apart from a bag of methamphetamine and some drug paraphernalia.

During closing argument, the State argued the following:

We also heard that the drawer—the dresser that was searched contained male and female clothing. . . . And if Ms. Bartlett is in this room staying with Mr. Coons or visiting Mr. Coons, we have this female clothing in the dresser. . . . You've got some clothes in the dresser, you clearly have an established presence there.

Verbatim Report of Proceedings (VRP) at 139-41. Defense counsel did not object to these statements, but did refer to the clothes in her own closing argument, pointing out that there were other women that lived in the home who could have owned the clothes.

No. 50952-1-II

The court instructed the jury on constructive possession. As discussed in more detail below, the jury instruction explained that constructive possession occurs when a person does not have actual physical possession but has dominion and control over the substance.

The jury acquitted Bartlett of possession of heroin but found her guilty of possession of methamphetamine. The court sentenced her to 10 days of confinement, and then converted the sentence to 80 hours of community service and 12 months of community custody. The court also imposed a $200 criminal filing fee and a DNA collection fee, while also finding Bartlett to be indigent. Bartlett appeals her conviction and the imposition of the criminal filing fee, the DNA collection fee, and related interest.

ANALYSIS

I. SUFFICIENCY OF THE EVIDENCE

Bartlett argues the State failed to prove beyond a reasonable doubt that she possessed methamphetamine. We disagree.

A.      Standard of Review and Evidence Required to Establish Constructive Possession

Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the State, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *State v. Imokawa*, 4 Wn. App. 2d 545, 560, 422 P.3d 502 (2018). A claim of insufficiency admits the truth of the State's evidence. *Id*. We draw all reasonable inferences in favor of the State and interpret them most strongly against the defendant. *Id*. Circumstantial evidence and direct evidence carry equal weight. *State v. Goodman*, 150 Wn.2d 774, 781, 83 P.3d 410 (2004). We defer to the trier of fact on issues of conflicting testimony,

3

credibility of witnesses, and the persuasiveness of the evidence. *State v. Thomas*, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

To convict Bartlett, the State had to prove that she possessed methamphetamine. RCW 69.50.206(d)(2), .4013(1). Possession may be actual or constructive. A person actually possesses something that is in her physical custody, and constructively possesses something that is not in her physical custody but still is within her "'dominion and control.'" *State v. Davis*, 182 Wn.2d 222, 227, 340 P.3d 820 (2014) (quoting *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969)). Dominion and control need not be exclusive. *State v. Summers*, 107 Wn. App. 373, 384, 28 P.3d 780 (2001).

For either form of possession, the State "'must prove more than passing control; it must prove actual control.'" *Davis*, 182 Wn.2d at 227 (quoting *State v. Staley*, 123 Wn.2d 794, 801, 872 P.2d 502 (1994)). Whether one has actual control "depends on the totality of the circumstances presented." *Id.* Close proximity is not enough to establish constructive possession; there must be other facts from which the jury could infer dominion and control. *State v. Turner*, 103 Wn. App. 515, 521, 13 P.3d 234 (2000).

Consistent with the law, the court instructed the jury that constructive possession "occurs when there is no actual physical possession but there is dominion and control over the substance." Clerk's Papers at 29. The instruction explained that proximity alone is not enough to establish constructive possession, and dominion and control need not be exclusive to warrant a finding of constructive possession. Finally, the court instructed the jury to consider all relevant circumstances when making this determination, including whether Bartlett had the immediate

ability to take actual possession of the substance, capacity to exclude others from possessing it, or dominion and control over the premises.

B.    Constructive Possession of the Methamphetamine

Bartlett argues that the proximity of the methamphetamine was insufficient to prove she possessed it, analogizing this case to *Callahan* and *State v. Spruell*, 57 Wn. App. 383, 788 P.2d 21 (1990).  In *Callahan*, our Supreme Court held there was insufficient evidence of constructive possession where the police found drugs near the defendant while searching a houseboat where he was a guest, even though the defendant admitted to handling the drugs earlier that same day. 77 Wn.2d at 30-31.  Another occupant of the houseboat testified that the drugs belonged to him and he had not sold them or given them to anyone else including Callahan.  *Id.* at 31.  This testimony was uncontradicted.  *Id.*

In *Spruell*, Division One of this court likewise held there was no constructive possession where the police found the defendant in a kitchen where drugs and paraphernalia were on the table, even though the defendant's fingerprints were on a plate containing cocaine residue.  57 Wn. App. at 384, 388-89.  There was no evidence that the defendant lived or was staying in the home.  *Id.* at 387.

Both of these cases are distinguishable.  In each, the corroborating evidence of possession, apart from the defendants' close proximity to the drugs, suggested only that the defendants had handled the drugs in the past.  *Callahan*, 77 Wn.2d at 31; *Spruell*, 57 Wn. App. at 384-85.  In other words, the defendants at most had only passing control over the drugs.  *See Davis*, 182 Wn.2d at 227; *Callahan*, 77 Wn.2d at 29; *Spruell*, 57 Wn. App. at 386.

Here, the briefcase was found underneath the bed Bartlett was sitting on. The police found methamphetamine inside the briefcase next to a hospital bracelet bearing Bartlett's name that was dated the previous day. The presence of the hospital bracelet is circumstantial evidence that she owned the briefcase. It supports an inference that the briefcase and its contents were within Bartlett's dominion and control, even though Bartlett did not have dominion and control over the entire premises.

Because we consider the totality of the circumstances, treating circumstantial evidence as equal to direct evidence and drawing all reasonable inferences in the State's favor, we hold that there was sufficient evidence of Bartlett's constructive possession of methamphetamine to support the conviction.

## II. PROSECUTORIAL MISCONDUCT

Bartlett argues the prosecutor's statements during closing argument that the dresser contained female clothing amounted to misconduct depriving her of a fair trial. We disagree.

A.     Prosecutorial Misconduct and Standard of Review

Prosecutorial misconduct may deprive a defendant of their constitutional right to a fair trial. *In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 703-04, 286 P.3d 673 (2012). To establish prosecutorial misconduct, a defendant must show that the prosecutor's remarks were both improper and prejudicial. *State v. Emery*, 174 Wn.2d 741, 759-60, 278 P.3d 653 (2012). The prosecutor has wide latitude in making arguments to the jury and they are allowed to draw reasonable inferences from the evidence. *In re Pers. Restraint of Yates*, 177 Wn.2d 1, 58, 296

P.3d 872 (2013). "The prosecutor's conduct is reviewed in its full context." *Id.* Nevertheless, closing arguments that are unsupported by the admitted evidence are improper. *Id.*

With regard to prejudice, it is the defendant's burden to show a substantial likelihood that misconduct affected the jury's verdict. *Emery*, 174 Wn.2d at 760. A defendant who fails to object to an improper remark also must show the remark was so flagrant and ill-intentioned that an instruction could not have cured the resulting prejudice. *Id.* at 760-61. A defendant who does not object to the remark must show both that no curative instruction would have eliminated the prejudicial effect and the misconduct resulted in prejudice that had a substantial likelihood of affecting the verdict. *Id.* at 761.

If the improper argument was central to the State's case, prejudice is more likely to be found. For example, Bartlett cites to *State v. Jungers*, where we held it was improper for the prosecutor to mention that police officers believed Jungers had given a truthful and willing confession, despite the fact that the trial court had earlier sustained Jungers's objection to that line of questioning. 125 Wn. App. 895, 904-06, 106 P.3d 827 (2005). We reasoned that the jury's verdict turned on whether jury members believed Jungers was being truthful when she confessed at the scene that the drugs belonged to her, rather than her testimony at trial that the drugs belonged to her boyfriend. *Id*. at 904-05. In these circumstances, the improper reference to excluded evidence about what the police officers believed was prejudicial. *Id.* at 902.

B.      The Prosecutor's Remark Was Not So Flagrant and Ill-Intentioned that an Instruction
        Could Not Have Cured the Resulting Prejudice

Here, the prosecutor said that the dresser contained female clothing, which suggested Bartlett had "an established presence there." VRP at 141. The court had sustained Bartlett's

7

earlier objection to the line of questioning regarding whether the dresser contained both male and female clothing, but Bartlett did not object to this remark in closing argument.

While reliance on excluded evidence was improper, it was not so flagrant and ill-intentioned that an instruction could not have cured the resulting prejudice. *Emery*, 174 Wn.2d at 760-61. The prosecutor's remark went to facts important to the jury's determination of whether the drugs *on the dresser* were in Bartlett's possession, as the presence of women's clothes in the dresser may have supported an inference that she had control and dominion over the rest of the dresser's contents. However, the jury acquitted Bartlett of possession of the heroin, which was found only on the dresser. Although the presence of methamphetamine and drug paraphernalia on top of the dresser could conceivably have factored into the jury's decision to convict Bartlett for methamphetamine possession, that conviction was independently supported by the circumstances of the methamphetamine found in the briefcase. Thus, any harm from the jury learning improperly that the dresser contained female clothing was minimal and would easily have been negated by a curative instruction.

This case is distinguishable from *Jungers*, on which Bartlett relies, because here, the crime for which Bartlett was convicted was independently supported by other facts and circumstances besides the excluded evidence. In sum, Bartlett cannot show the remark was so flagrant and ill-intentioned that an instruction could not have cured the resulting prejudice.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

Bartlett argues her counsel's failure to object to the prosecutor's remarks about the dresser constituted ineffective assistance of counsel. We disagree.

8

A.       Background on Ineffective Assistance of Counsel

Both the Sixth Amendment to the United States Constitution and article 1, section 22 of the Washington Constitution guarantee the right of a criminal defendant to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 685-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984); *State v. Thomas*, 109 Wn.2d 222, 229, 743 P.2d 816 (1987). To prevail on her ineffective assistance claim, Bartlett must show both that counsel's performance was deficient and she was prejudiced. *Strickland*, 466 U.S. at 687; *State v. Cienfuegos*, 144 Wn.2d 222, 226-27, 25 P.3d 1011 (2011). Trial counsel's performance is deficient if it falls "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688.

To demonstrate prejudice, Bartlett must show a reasonable probability that "but for counsel's deficient performance, the outcome of the proceedings would have been different." *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009). In the context of an alleged failure to object, the defendant must show both that the objection would have been sustained and the result of the trial would have been different had the evidence been excluded. *In re Det. of Monroe*, 198 Wn. App. 196, 205, 392 P.3d 1088 (2017).

B.       Counsel Was Not Deficient and Bartlett Was Not Prejudiced

The decision of whether to object is a classic example of trial tactics, and only in egregious circumstances will the failure to object constitute ineffective assistance of counsel. *State v. Kolesnik*, 146 Wn. App. 790, 801, 192 P.3d 937 (2008). Here, defense counsel chose to argue that the women living in the house were just as likely to own any women's clothes found in the dresser, rather than object and call undue attention to the prosecutor's argument. This tactical decision did not amount to deficient representation.

For the same reasons discussed above, even if counsel were deficient, Bartlett cannot show she was prejudiced by the lack of objection. Even assuming the court would have sustained an objection, there is no reasonable probability the outcome of the trial would have been different. Bartlett's conviction for methamphetamine possession was independently supported by the evidence that she had constructive possession of the drugs in the briefcase.

Because we find no prejudice, this argument fails.

### IV. LEGAL FINANCIAL OBLIGATIONS

Bartlett argues the $200 criminal filing fee, the $100 DNA collection fee, and the interest provision in her judgment and sentence were improperly imposed. The State concedes all three should be stricken. We agree.

In 2018 the legislature amended the laws regarding legal financial obligations, including the challenged fees and interest. LAWS OF 2018, ch. 269. These amendments apply prospectively to cases on direct appeal when the law changed. *State v. Ramirez*, 191 Wn.2d 732, 747, 426 P.3d 714 (2018).

The State concedes that under the new law, which is applicable here, the fees and interest provision should be stricken on remand. We accept the State's concessions.

### CONCLUSION

We affirm Bartlett's conviction and remand for the trial court to strike the portions of her judgment and sentence identified above: the criminal filing fee, the DNA collection fee, and the

No. 50952-1-II

interest provision.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

Glasgow, J.

We concur:

Melnick, P.J.

Sutton, J.