FILED
COURT OF APPEALS
DIVISION II

2013 AUG 13 AM 10: 29

STATE OF WASHINGTON

BY

DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43429-6-II |
| Respondent, | UNPUBLISHED OPINION |
| v. | |
| JOHN DANIEL LOPEZ, | |
| Appellant. | |

BJORGEN, J. — John Lopez appeals from his conviction for unlawful possession of methamphetamine with intent to deliver. He argues that the State did not present sufficient evidence that he possessed the methamphetamine. We affirm.[1]

Evidence is sufficient if, when viewed in a light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). "A claim of insufficiency admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Salinas*, 119 Wn.2d at 201.

Possession of a controlled substance may be either actual or constructive. *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969). Constructive possession is established when "the defendant was in dominion and control of either the drugs or the premises on which the drugs were found." *Callahan*, 77 Wn.2d at 30-31. "Dominion and control" means that "the object may be reduced to actual possession immediately." *State v. Jones*, 146 Wn.2d 328, 333, 45 P.3d 1062 (2002). This court considers the totality of the circumstances in determining

---

[1] A commissioner of this court initially considered Lopez's appeal as a motion on the merits under RAP 18.14 and then transferred it to a panel of judges.

whether the defendant has such dominion and control. *State v. Cote*, 123 Wn. App. 546, 549, 96 P.3d 410 (2004). However, mere proximity is not enough to establish possession. *Jones*, 146 Wn.2d at 333.

On December 31, 2011, Lewis County Sheriff's Deputy Lauer stopped a truck being driven by Lopez, who was the sole occupant. Deputy Lauer arrested Lopez for driving while license suspended. Deputy Lauer also noticed the smell of burnt marijuana and called for a drug dog, which alerted to the rear passenger window of the truck. Deputy Fulton applied for a search warrant for the truck while Deputy Lauer transported Lopez to jail.

Upon executing the search warrant, the deputies found a black plastic safe behind the driver's seat. The safe was locked but its key was on the key ring still in the ignition of the truck. The safe contained: 6.5 ounces of methamphetamine, 4.5 ounces of an agent used to cut methamphetamine, $8,255 in bundled cash, an empty prescription bottle with the name John Lopez on the label; a traffic ticket issued to John Daniel Lopez, scales, Ziplock baggies and rubber bands.

Juanita Lawrence loaned the truck to Lopez on December 31 and denied any knowledge of the safe or its contents. Jeneal Jarschke, Lopez's girlfriend, testified that on December 31, she retrieved Lopez's traffic ticket from her car and Lopez's prescription bottle from her house and placed both on the passenger seat of the truck. She, too, denied any knowledge of the safe or its contents.

Taking this evidence in the light most favorable to the State, the totality of the circumstances are sufficient to establish that Lopez had dominion and control over the methamphetamine. He borrowed the truck and was alone in it. The safe with the contraband

was behind the driver's seat. The key to the safe was on the key ring which Lopez had been using to drive the truck. Along with the methamphetamine and other evidence of intent to deliver it, the safe contained a pill bottle and a traffic ticket with Lopez's name on them. Thus, the State presented sufficient evidence that Lopez constructively possessed the methamphetamine with intent to deliver it. We affirm Lopez's conviction.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJØRGEN, J.

We concur:

HUNT, J.

JOHANSON, A.C.J.

3