# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 48621-1-II |
| Respondent, | |
| v. | |
| DEANNA ALLEN HAYES, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Deanna Allen Hayes appeals her conviction of first degree trafficking in stolen property.[1] Hayes argues that the State failed to present sufficient evidence to prove that Hayes knowingly trafficked in stolen property in Washington and the trial court erred by not orally advising her of the firearm possession prohibition. We hold that the State presented sufficient evidence for a rational trier of fact to convict Hayes beyond a reasonable doubt of trafficking in stolen property. Thus, we affirm the conviction. We also hold that the trial court erred by not orally notifying Hayes of the firearm possession prohibition; thus, we remand to the trial court for a hearing to comply with the statutory firearm notification.

## FACTS

### I. BACKGROUND

Eldon Schalk told his son that he and his wife were leaving their residence in Underwood on August 5, 2013, for a road trip. When Schalk and his wife returned on August 12, Schalk's son

---

[1] RCW 9A.82.050.

and Hayes, his girlfriend, had moved into Schalk's residence. Within a week of Schalk's return, Schalk called the Skamania County Sheriff's Department and had his son and Hayes removed from his residence.

On August 16, Schalk reported a residential burglary. Schalk told the responding officer, Undersheriff David Cox, that a gold nugget charm and a five foot long gold necklace were missing from his jewelry box, but that no other valuables were missing. Schalk also reported that a screen had been removed from the skylight vent in the garage. As Cox investigated, he saw that the metal roof was scuffed and shiny around the skylight where someone had walked, but that no discernable footprints were found.

Cox also discovered during his investigation that on August 9, Schalk's son and Hayes were found by Sheriff's Deputy Chad Nolan in response to a suspicious person's call.[2] Nolan found Schalk's son and Hayes walking along the rural road on a rainy night, about a quarter to a half mile away from Schalk's residence. Nolan checked their identification and gave them a ride to a convenience store.

As part of the burglary investigation, Cox asked Sergeant Tim Garrity to search the pawn shop database for any sales related to Schalk's gold nugget charm and necklace. Garrity's search returned the sale of the gold nugget charm on August 26 by Hayes to a pawn shop in Portland, Oregon. Cox went to the pawn shop and reviewed the pawn sale paperwork and a video of the transaction. The pawn shop gave Cox the Declaration of Proof of Ownership signed by Hayes and

---

[2] The record does not contain any details of the suspicious person's call, other than Schalk's son and Hayes matched the description that the caller provided.

a copy of her Washington driver's license. The declaration of ownership stated that Hayes received the gold nugget charm from Schalk's son as a gift in 2012 and that the charm was found in Astoria, Oregon. Cox watched a video of the transaction and identified Hayes and Schalk's son as the individuals selling the gold nugget charm, with Schalk's son filling out the declaration of ownership.

## II. PROCEDURE

Hayes was arrested and charged with residential burglary, first degree trafficking in stolen property, and third degree theft.[3] A jury trial was held and Schalk, Cox, Nolan, and Garrity testified as to the above facts. Schalk did not testify about when he last saw the charm and necklace. Hayes did not testify nor present any witnesses.[4] The trial court admitted the declaration of ownership from the pawn shop and a copy of Hayes's Washington driver's license as evidence, but the video of the transaction in question was not available at trial. To support Cox's testimony that he recognized Hayes and Schalk's son in the video, the State presented a video of another transaction at the pawn shop, showing the quality of the video and the camera angle.

---

[3] Each charge was characterized as a domestic violence charge.

[4] At the time of trial, Schalk's son had an outstanding warrant for his arrest related to the case at bar.

The trial court instructed the jury that they may find Hayes guilty as a principle[5] or an accomplice[6] in the commission of the crimes charged. The jury returned a guilty verdict on the charge of first degree trafficking in stolen property, but did not reach a verdict on the two other charges, residential burglary and third degree theft.[7] The State moved to dismiss the remaining two charges and the trial court granted the motion. Hayes appeals her conviction.

ANALYSIS

Hayes argues that the State failed to present sufficient evidence to convict her of trafficking in stolen property because the State failed to prove that Hayes knowingly trafficked in stolen

---

[5] The trial court instructed the jury that to convict the defendant, the State had to prove beyond a reasonable doubt "(1) [t]hat on or between August 5, 2013 and August 26, 2013, the defendant knowingly trafficked in stolen property; (2) [t]hat the defendant knew the property was stolen; and (3) [t]hat this act occurred in the State of Washington." Clerk's Papers (CP) at 53 (Instr. No. 14).

[6] The trial court instructed the jury that

> [a] person is an accomplice in the commission of a crime if, with knowledge that it will promote or facilitate the commission of the crime, he or she either:
>
> (1) solicits, commands, encourages, or requests another person to commit the crime; or
>
> (2) aids or agrees to aid another person in planning or committing the crime.
>
> The word "aid" means all assistance whether given by words, acts, encouragement, support, or presence. A person who is present at the scene and ready to assist by his or her presence is aiding in the commission of the crime. However, more than mere presence and knowledge of the criminal activity of another must be shown to establish that a person present is an accomplice.

CP at 62 (Instr. No. 23).

[7] The jury found that Hayes was not a household member of the Schalk residence on any of the charges.

4

property in Washington.[8] Br. of Appellant at 1, 10. Hayes also argues that the trial court erred by not orally notifying her of the firearm possession prohibition in violation of RCW 9.41.047(1)(a). Br. of Appellant at 11. The State argues that the "joined at the hip involvement" of Hayes and Schalk's son provided sufficient evidence for the jury to find Hayes guilty of trafficking in stolen property in Washington. Br. of Resp't at 9. We hold that the State presented sufficient evidence for any rational trier of fact to find beyond a reasonable doubt that Hayes knowingly trafficked in stolen property in Washington. Thus, we affirm Hayes's conviction. But we also hold that the trial court erred by not orally notifying her of her firearm possession prohibition; thus, we remand for a hearing for the trial court to orally notify Hayes of the firearm possession prohibition.

## I. STANDARDS OF REVIEW

Due process requires the State to prove every element of the crimes charged beyond a reasonable doubt. *State v. Kalebaugh*, 183 Wn.2d 578, 584, 355 P.3d 253 (2015). Evidence is sufficient to support a conviction if, viewed in the light most favorable to the State, it permits any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of insufficiency admits the truth of the State's evidence and all reasonable inferences drawn from that evidence. *Salinas*, 119 Wn.2d at 201. Circumstantial evidence and direct evidence carry equal weight. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). We defer to the trier of fact on issues of conflicting

---

[8] Evidence of knowingly pawning a stolen item is sufficient to support a charge of first degree trafficking in stolen property. *State v. Hermann*, 138 Wn. App. 596, 604, 158 P.3d 96 (2007). Because Hayes pawned the charm in Oregon, however, the State must present sufficient evidence that Hayes knowingly trafficked in stolen property in Washington, prior to the pawn sale in Oregon.

testimony, evaluation of witness credibility, and decisions regarding the persuasiveness of evidence. *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

## II. SUFFICIENCY OF THE EVIDENCE

### A. EVIDENCE OF HAYES AS THE PRINCIPLE

To prove that Hayes trafficked in stolen property, the State had to prove that (1) she knowingly trafficked the property, (2) she knew the property was stolen, and (3) the trafficking occurred in Washington. RCW 9A.82.010(19); RCW 9A.82.050(1); *see also State v. Killingsworth*, 166 Wn. App. 283, 287, 269 P.3d 1064 (2012).

RCW 9A.82.050(1) provides that a "person who knowingly initiates, organizes, plans, finances, directs, manages, or supervises the theft of property for sale to others, or *who knowingly traffics in stolen property*, is guilty of trafficking in stolen property in the first degree." (Emphasis added). A person acts "knowingly" when she is aware of facts, circumstances, or results described by a statute defining an offense, or she has information that would lead a reasonable person in the same situation to believe that facts exist which are described by a statute defining an offense. RCW 9A.08.010(1)(b). "'Traffic' means to sell, transfer, distribute, dispense, or otherwise dispose of stolen property to another person, or to buy, receive, *possess, or obtain control of stolen property*, *with intent to sell*, transfer, distribute, dispense, or otherwise dispose of the property to another person." RCW 9A.82.010(19) (emphasis added).

A person has constructive possession over an item that is not in his or her physical custody but is still within his or her "dominion and control."[9] *State v. Cote*, 123 Wn. App. 546, 549, 96

---

[9] The trial court instructed the jury as to actual and constructive possession. CP at 55 (Instr. No. 16).

P.3d 410 (2004). Dominion and control can be shared. *Cote*, 123 Wn. App. at 549. Access and proximity to the item, without more, is not sufficient to establish dominion and control. *State v. Spruell*, 57 Wn. App. 383, 388, 788 P.2d 21 (1990).

Here, the State charged Hayes with knowingly trafficking in stolen property between August 5 and 26. The undisputed evidence was that Schalk told his son that he and his wife would be away from their residence on a road trip starting August 5. Schalk testified that upon his return on August 12, he discovered that his son and Hayes had moved into the residence. Schalk then had law enforcement remove them from the residence. On August 16, Schalk reported a burglary after discovering that a gold nugget charm and necklace were missing from his jewelry box. The investigating officer testified that there had been an unlawful entry into the residence between August 5 and 12. A screen had been removed from the garage's skylight, allowing entry from the roof. No other items of value were taken.

Hayes had access to the charm while living in the Schalk residence with Schalk's son. It was reasonable to infer that someone with an intimate knowledge of the residence had unlawfully entered the home between August 5 and 12, the same time period that Hayes and Schalk's son lived there. Hayes and Schalk's son were reported for suspicious behavior less than a mile away from Schalk's residence during the same time period. Schalk's son knew that the residence was empty during this time. It is also undisputed that after the burglary was reported on August 16, that Hayes—accompanied by Schalk's son—sold the gold nugget charm to a pawn shop in Oregon on August 26.

Viewing the evidence and all reasonable inferences in the light most favorable to the State, it is reasonable to infer that any rational trier of fact could find that Hayes constructively possessed

the nugget in Washington with the intent to sell it, knowing it was stolen; thus, we hold that Hayes knowingly trafficked in stolen property in Washington. Therefore, we affirm Hayes's conviction.

B. EVIDENCE OF HAYES AS AN ACCOMPLICE

Hayes also argues that the State failed to prove that she was an accomplice to trafficking in stolen property. Br. of Appellant at 1. We disagree.

Even if the jury did not find that Hayes unlawfully entered the residence, there was sufficient corroborating evidence, as discussed above, that Hayes was intimately involved with Schalk's son, lived at the residence, and had access to the charm while Schalk was away. It was undisputed that there was evidence that someone had unlawfully entered the residence during Schalk's absence. Hayes was seen with Schalk's son on August 9 near the scene of the burglary, both having been reported for suspicious behavior. Viewing the evidence and all reasonable inferences in the light most favorable to the State, the State presented sufficient evidence for any rational trier of fact to convict Hayes as an accomplice for trafficking in stolen property. Therefore, we affirm the conviction.

III. FIREARM NOTIFICATION

A person loses their right to possess a firearm once convicted of a felony. RCW 9.41.040(1)(a). Trafficking stolen property in the first degree is a class B felony. RCW 9A.82.050(2). At the time of conviction, "the convicting . . . court shall notify the person, orally and in writing, that the person must immediately surrender any concealed pistol license and that the person may not possess a firearm." RCW 9.41.047(1)(a).

Here, the trial court provided written notification, but did not orally notify Hayes that she had lost her right to possess a firearm as required under RCW 9.41.047(1)(a). Therefore, because

No. 48621-1-II

we affirm the conviction, we also remand to the trial court for a hearing to comply with the statutory firearm notification.

We hold that the State presented sufficient evidence to support Hayes's conviction of first degree trafficking in stolen property, and we affirm the conviction; but we remand for the trial court to conduct a hearing to advise Hayes of the firearm possession prohibition.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

JOHANSON, P.J.

MELNICK, J.