[No. 6761-1-III. Division Three. November 12, 1985.]

THE STATE OF WASHINGTON, *Respondent,* v.
DOUGLAS S., *Appellant.*

*Sharon Carberry,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Steven R. Keller, Deputy,* for respondent.

McINTURFF, A.C.J.—Douglas S. appeals his juvenile conviction for possession of marijuana in an amount less than 40 grams. Specifically, he challenges the Superior Court's ruling which upheld the search of his person and the seizure of a pipe with marijuana residue and a film canister with a marijuana bud inside it. We hold the search was invalid and reverse Douglas' conviction.

On July 2, 1984, four detectives from the Yakima City and County narcotics unit executed a search warrant for marijuana at 318 Lewis, Yakima, Washington. The warrant described the residence and also authorized the search of the person of "John Doe, who is known to be in the vicinity of the described premises." Upon entering the house, the officers noted the odor of marijuana. They discovered a sizable "grow operation" in the locked basement, marijuana buds on a tray between two windows in the master bedroom, and a small tray with marijuana residue and some smoking utensils in one of the remaining two bedrooms. Douglas' father was present during the search and told the police the marijuana was his and nobody else had any involvement. Also present was Douglas' mother and his 6–year–old brother.

About 10 to 15 minutes into the search, after all the marijuana had been located, Douglas arrived home. The father identified him as his son and a resident of the house. One of the detectives conducted a pat–down search of

Douglas for weapons. He felt something hard in the shirt pocket, and removed a pipe. The officer stated it was "immediately apparent" to him that the pipe contained marijuana. His impression was based on his experience working in the field of narcotics. He also removed a film canister from Douglas' sock. Since he knew these canisters are often used for carrying controlled substances, he opened it and found a marijuana bud.

The court orally ruled "the officers acted reasonably in searching . . . [Douglas] because of their desire to protect themselves and the other persons on the premises." The court also stated part of its reasoning was that Douglas was "not a stranger to the premises."

> [T]here was a search that had revealed controlled substances and the officers had not yet linked up . . . which bedroom belonged to which individuals. . . . [E]ven though the father had stated his ownership of the contraband it's inconsistent with finding more than one location in the house. . . .

First, the warrant's authorization to search "John Doe, who is known to be in the vicinity of the described premises . . .", did not provide authority to search Douglas. This court recently held such a warrant, without any other description of the person to be searched, insufficient and fatally defective. *State v. Rollie M.*, 41 Wn. App. 55, 59–60, 701 P.2d 1123 (1985). The court stated:

> Where the warrant does not specifically name the person to be searched, then some other means reasonable under the circumstances must be used to assist in identifying the person—either his occupation, personal appearance, peculiarities, or place of residence.

(Citations omitted.) *Rollie M.*, at 59. As in *Rollie M.*, the warrant here gave no particularities, not even that the "John Doe" resided at the premises described in the warrant.

Second, the search of Douglas was not justified as a frisk. Even if a person is present at a location the police are authorized to search by a valid warrant, that person may be

patted down for weapons only if the police have reasonable grounds to believe he is armed and dangerous. *State v. Broadnax,* 98 Wn.2d 289, 294–95, 654 P.2d 96 (1982) (citing *Ybarra v. Illinois,* 444 U.S. 85, 62 L. Ed. 2d 238, 100 S. Ct. 338 (1979)). Here, the police officers did not testify to any facts which could give rise to such a belief in connection with Douglas.

The question then is whether the discovery of marijuana in the residence justifies the search of a minor who lives in the residence with his parents. As to individuals who are present but are not in dominion and control of the premises searched, the State must show additional factors connecting them to the drugs found on the premises to establish probable cause for their arrest. *Broadnax,* at 302. As to persons in dominion and control over the dwelling where the drug is found, the law of constructive possession establishes probable cause for their arrest and search. *See State v. Hystad,* 36 Wn. App. 42, 49, 671 P.2d 793 (1983) (citing *State v. Callahan,* 77 Wn.2d 27, 29, 459 P.2d 400 (1969)). Thus, in *State v. Huff,* 33 Wn. App. 304, 654 P.2d 1211 (1982), this court held that the contraband found in Mr. Huff's residence provided probable cause for the search of Mr. Huff's person incident to his lawful arrest. *See also Michigan v. Summers,* 452 U.S. 692, 69 L. Ed. 2d 340, 101 S. Ct. 2587 (1981).

*Huff* is distinguishable from the instant case. Mr. Huff was an adult resident, and the police found his papers in the same bedroom in which they discovered marijuana. Here, Douglas is a minor. His father told police he owned the marijuana, a claim which was partially corroborated by the fact the marijuana was found in the master bedroom and in a locked basement, to which he produced a key. The record does not disclose who slept in the second bedroom which contained marijuana, but Douglas was not the only other resident of the house, nor was the second bedroom the only bedroom, other than the master bedroom, available for sleeping. The third bedroom may have been his. The fact the police noted the odor of marijuana in the

house is not sufficient to show Douglas had dominion and control over the contraband, especially in these circumstances where he was not present in the dwelling at the time of the officers' initial entry.

Some evidence of dominion and control is necessary to establish constructive possession. Where a minor lives in his parents' home, dominion and control is not established by mere residence. Evidence tending to prove Douglas had dominion and control of the premises is lacking. Accordingly, we hold the police did not have probable cause to search Douglas and the evidence found on his person should not have been admitted.

The judgment of the Superior Court is reversed.

MUNSON and THOMPSON, JJ., concur.