Filed
Washington State
Court of Appeals
Division Two

March 26, 2019

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 50433-2-II |
| Appellant, | |
| v. | |
| GERALD LAWRENCE COLE, JR., | UNPUBLISHED OPINION |
| Respondent. | |

SUTTON, J. — The State appeals the trial court's order granting defendant Gerald Lawrence Cole, Jr.'s, motion to arrest judgment and dismissing his conviction for unlawful possession of a firearm conviction with prejudice. The State argues that sufficient evidence was presented that Cole knowingly possessed the firearm at the time of his arrest. In addition to arguing that the State failed to present sufficient evidence that he knowingly possessed a firearm, Cole argues that if we reverse, we should remand for the trial court to reconsider his motion for a new trial.

We vacate the trial court's order dismissing Cole's firearm conviction with prejudice because the State provided sufficient evidence that Cole knowingly possessed a firearm and we remand for sentencing in accordance with this opinion. Because we resolve the sufficiency issue on which Cole's motion for a new trial is based, his claim fails and he is not entitled to a new trial.

No. 50433-2-II

FACTS

On January 12, 2016, Cole was arrested following an extensive physical altercation with Tacoma police officers. A Ruger .22 caliber semiautomatic handgun was removed from the scene following the arrest. Officers Kenneth Smith and Matthew Riche booked the firearm into evidence.

The State charged Cole with one count of second degree assault (with a firearm enhancement), two counts of third degree assault (with firearm enhancements), one count of first degree unlawful possession of a firearm, one count of possession of a stolen firearm,[1] one count of attempting to disarm a law enforcement officer or corrections officer,[2] and one count of second degree driving while license suspended.

As to the charge of unlawful possession of a firearm, the information charged, in relevant part:

> That GERALD LAWRENCE COLE, JR, in the State of Washington, on or about the 12th day of January, 2016, did unlawfully, feloniously, and knowingly own, have in his possession, or under his control a firearm, he having been previously convicted in the State of Washington or elsewhere of a serious offense, as defined in RCW 9.41.010, contrary to RCW 9.941.040(1)(a), and against the peace and dignity of the State of Washington.

Clerk's Papers (CP) at 2. Cole stipulated that he had previously been convicted of a serious offense, one of the elements of this charge. The matter proceeded to a jury trial.

---

[1] The trial court dismissed the possession of a stolen firearm charge before trial.

[2] This charge relates to Officer Jimmy Welsh, one of the officers at the scene.

2

At trial, Officers Smith, Riche, Ryan Bradley, Gerald Bratcher, Jimmy Welsh, and Jeffrey Katz all testified regarding the events surrounding Cole's arrest, specifically whether he possessed a firearm at the time.

Officer Bradley described the lead up to the arrest as a "chaotic fight" involving "lots of closed fists and elbows and things being swung at the officers." 1 Verbatim Report of Proceedings (VRP) at 64. He testified that Cole's "[f]eet were planted on the ground and hands were also planted on the ground, bent over, so the legs and the torso had not made contact with the ground at this point." 1 VRP at 120. He further testified that he "saw a black firearm held in [Cole's] hand, and it, and, essentially, the ripping motion of getting his arm away from his body caused it to – appeared to release his grip on the firearm, and the firearm landed about two feet away from me." 1 VRP at 85.

The firearm recovered at the scene of Cole's arrest was admitted as evidence. Officer Riche testified that he recovered the firearm at the scene of the arrest and that he and Officer Smith booked the firearm into evidence. Officer Riche testified that the gun was a Ruger .22 caliber semiautomatic handgun and that it was in the same condition as it was when he saw it at the scene. Detective Brian Vold testified that he test fired the recovered gun and found it to be fully operable.

Officer Bratcher testified that he did not see the firearm while he was attempting to physically subdue and arrest Cole. Officer Smith testified that he heard Officer Welsh say, while attempting to place Cole in custody, "I think he has a gun. I think there's a gun." 2 VRP at 362. Officer Smith testified that he "looked down and . . . could see the barrel of a handgun" pointed at Officer Welsh. 3 VRP at 363.

Officer Welsh testified that while involved in the physical altercation with Cole in an attempt to place him in custody, he "looked down and saw what looked like a cylindrical semiautomatic firearm," and that "a firearm . . . was shoved into my stomach and appeared to be trapped underneath my belt, held by the defendant." 3 VRP at 457. Officer Welsh testified that he "could . . . tell that [Cole's] hand was around it." 3 VRP at 457-58. Officer Katz testified that he was aware that a firearm was recovered in this case.

The trial court instructed the jury that "[a] person commits the crime of unlawful possession of a firearm in the first degree when he has previously been convicted of a serious offense and knowingly owns or has in his possession or control any firearm." CP at 27.

The jury acquitted Cole of all assault charges, including attempting to disarm a law enforcement officer. The jury found Cole guilty of first degree unlawful possession of a firearm and second degree driving while license suspended.

Cole then filed a motion for an arrest of judgment and requested either a new trial or a dismissal of the conviction for first degree unlawful possession of a firearm.

In his motion for arrest of judgment, Cole argued that no evidence was presented at trial, such as DNA[3] or fingerprint evidence, to prove that he knowingly possessed the firearm. Cole also argued that the State provide false testimony because the firearm had been planted as evidence by the officers involved in the case.

The trial court granted Cole's motion for arrest of judgment and entered an order of dismissal with prejudice for the first degree unlawful possession of a firearm conviction. Because

---

[3] Deoxyribonucleic acid.

it had dismissed the charge, the trial court declined to consider Cole's motion for a new trial. The State appeals.

ANALYSIS

The State argues that the trial court erred in granting Cole's motion for arrest of judgment and dismissing the unlawful possession of a firearm conviction with prejudice because sufficient evidence was presented that Cole knowingly possessed a firearm. We agree. Accordingly, we vacate the trial court's order dismissing Cole's unlawful possession of a firearm conviction and remand for sentencing in accordance with this opinion.

## I. STANDARDS OF REVIEW

When reviewing a trial court's order to arrest judgment under CrR 7.4, we engage in the same inquiry as the trial court. *State v. Longshore*, 141 Wn.2d 414, 420, 5 P.3d 1256 (2000). We determine whether "[t]he evidence presented in a criminal trial is legally sufficient to support a guilty verdict if any rational trier of fact, viewing the evidence in a light most favorable to the state, could find the essential elements of the charged crime beyond a reasonable doubt." *Longshore,* 141 Wn.2d at 420-21. "When a defendant challenges the sufficiency of the evidence, he or she admits the truth of all of the State's evidence." *State v. Cardenas-Flores*, 189 Wn.2d 243, 265, 401 P.3d 19 (2017). "In such cases, appellate courts view the evidence in the light most favorable to the State, drawing reasonable inferences in the State's favor." *Cardenas-Flores,* 189 Wn.2d at 265-66.

The test for determining sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the elements of the crime beyond a reasonable doubt. *State v. Homan*, 181 Wn.2d 102, 105, 330 P.3d

182 (2014). In evaluating a sufficiency of the evidence claim, we assume the truth of the evidence offered by the state and all reasonable inferences drawn from that evidence. *Homan*, 181 Wn.2d at 106. We defer to the trier of fact's resolution of conflicting testimony and evaluation of the persuasiveness of the evidence. *Homan*, 181 Wn.2d at 106. Circumstantial evidence and direct evidence are equally weighted. *State v. Miller*, 179 Wn. App. 91, 105, 316 P.3d 1143 (2014).

## II. SUFFICIENCY OF THE EVIDENCE

### A. MOTION TO ARREST JUDGMENT

To convict Cole of first degree unlawful possession of a firearm, the State had to prove that he (1) knowingly owned or had in his possession or control a firearm; and (2) had a previous conviction for a serious offense.[4] RCW 9.41.040(1)(a); *State v. Hartzell*, 156 Wn. App. 918, 944, 237 P.3d 928 (2010) (citing *State v. Anderson*, 141 Wn.2d 357, 366, 5 P.3d 1247 (2000)).

"Possession may be actual or constructive." *State v. Raleigh*, 157 Wn. App. 728, 737, 238 P.3d 1211 (2010). "A person actually possesses something that is in his or her physical custody and constructively possesses something that is not in his or her physical custody but is still within his or her 'dominion and control.'" *State v. Davis*, 182 Wn.2d 222, 227, 340 P.3d 820 (2014) (quoting *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969)).

Here, the State presented sufficient evidence that Cole possessed the firearm that the police recovered from the scene following his arrest on January 12, 2016. Officers Welsh and Smith both testified about Cole having control over a firearm at the time of the incident. Officer Smith heard Officer Welsh say, "I think he has a gun." 3 VRP at 362. Officer Smith testified that he "looked

---

[4] Cole only challenges the first prong and stipulated as to the second prong, that he had previously been convicted of a serious offense. CP at 8.

down and . . . could see the barrel of a handgun" pointed at Officer Welsh. 3 VRP at 363. Officer Welsh testified that as he looked down during the altercation, he saw the barrel of a semiautomatic firearm pointed directly at him and wedged between his duty belt and body. Officer Welsh testified that he was able to feel the barrel of the firearm pushed into his hip and stomach area. Officer Welsh also testified that he "could . . . tell that [Cole's] hand was around it." 3 VRP at 457-58.

The State also presented sufficient evidence to prove that Cole was in possession of the firearm recovered at the scene of his arrest. Officer Riche testified that he recovered the firearm at the scene of the arrest and that he and Officer Smith booked the firearm into evidence. Officer Riche testified that the firearm was a Ruger .22 caliber semiautomatic handgun and that it was in the same condition as it was when he recovered it at the scene. Detective Vold testified that he test fired the gun recovered and found it to be fully operable.

Here, although Cole denied possessing the firearm, the jury found the officers' testimony that Cole knowingly possessed a firearm to be credible and that the firearm admitted into evidence was the firearm recovered at the scene that Cole had possessed when arrested. Cole's motion to arrest judgment admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom. Moreover, we defer to the trier of fact's evaluation of the persuasiveness of the evidence. Consequently, we hold that the State produced sufficient evidence to convict Cole of first degree unlawful possession of a firearm. Thus, we vacate the trial court's order dismissing Cole's conviction for unlawful possession of a firearm with prejudice.

B.     MOTION FOR A NEW TRIAL

Cole argues that if we vacate the order arresting judgment, we should remand for the trial court to rule on his CrR 7.5 motion for a new trial. Because we resolve the sufficiency issue on which Cole's motion for a new trial is based, he is not entitled to a new trial.

Under RAP 2.4(e), "[a]n appeal from an order granting a motion in arrest of judgment brings up for review the ruling of the trial court on a motion for new trial. If the appellate court reverses the order granting the motion in arrest of judgment, the appellate court will review the ruling on a motion for new trial." We review the trial court's denial of a motion for new trial for abuse of discretion. *State v. Allen*, 159 Wn.2d 1, 10, 147 P.3d 581 (2006). "Discretion is abused when the judge's decision 'is manifestly unreasonable or based upon untenable grounds.'" *Allen*, 159 Wn.2d at 10 (quoting *State v. Stenson*, 132 Wn.2d 668, 701, 940 P.2d 1239 (1997)).

Cole argued to the trial court that "[t]he defendant must arrest the [judgment] and receive a new [t]rial *or* dismissal of [u]nlawful possession of a firearm in the first degree due to insufficient evidence." CP at 55 (emphasis added). The court ruled, "In this case, because it's dismissing the count . . . there's no new trial, it's just that the count is dismissed." 9 VRP at 878-79. The trial court chose the second remedy, dismissal of the conviction for unlawful possession of a firearm with prejudice, and thus, it did not need to consider his motion for a new trial.

Because we resolve the sufficiency issue on which Cole's motion for a new trial is based, his claim fails and he is not entitled to a new trial.

No. 50433-2-II

## CONCLUSION

We vacate the trial court's order dismissing Cole's firearm conviction with prejudice because the State provided sufficient evidence that Cole knowingly possessed a firearm and we remand for sentencing in accordance with this opinion. Because we resolve the sufficiency issue on which Cole's motion for a new trial is based, his claim fails and he is not entitled to a new trial.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

WORSWICK, P.J.

MELNICK, J.