# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  51299-8-II |
| Respondent, | |
| v. | |
| JAMES EDWARD OVERSTAKE, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, J. — James E. Overstake appeals his conviction for possession of methamphetamine, arguing that sufficient evidence does not support the jury's verdict.  We affirm.

## FACTS

The State charged Overstake with possession of methamphetamine.  Overstake's jury trial began on December 6, 2017.

At trial, Officer Eric Fuller of the City of Raymond Police Department testified that he arrested Overstake on September 2, 2017.  At the time of the arrest, Fuller removed a small tin container from the coin pocket of Overstake's pants.  Inside the container, Fuller found "[w]hite crystalline residue" that he believed to be methamphetamine.  Verbatim Report of Proceedings (VRP) (December 6, 2017) 27.

A Washington State Patrol forensic scientist testified that she tested the residue found in the container and concluded the residue contained methamphetamine. The forensic scientist admitted there was less than one-tenth of a gram of methamphetamine residue in the container.

Overstake also testified at trial. Overstake testified that his girlfriend bought the pants he was wearing for him at a second-hand store. Overstake described the pants as "skin-tight britches." VRP (December 6, 2017) 55. And Overstake testified that he did not know the container was in the pants' pocket.

The trial court instructed the jury that,

> To convict the defendant of the crime of possession of a controlled substance, each of the following elements of the crime must be proved beyond a reasonable doubt:
>
> (1) That on or about September 2, 2017, the defendant possessed a controlled substance, methamphetamine; and
>
> (2) That this act occurred in the State of Washington.

Clerk's Papers (CP) at 26. The trial court also instructed the jury that, "[p]ossession means having a substance in one's custody or control." CP at 25.

The jury found Overstake guilty of possession of methamphetamine. The trial court imposed a standard range sentence.

Overstake appeals.

## ANALYSIS

Overstake argues that there was not sufficient evidence to support the jury's verdict finding him guilty of possession of methamphetamine. We disagree.

Evidence is sufficient to support a conviction if, viewing the evidence in the light most favorable to the State, any rational trier of fact can find the essential elements of the crime beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). All reasonable inferences from the evidence are drawn in favor of the State and interpreted most strongly against the defendant. *Id*. A claim of insufficiency of the evidence "admits the truth of the State's evidence and all inferences that reasonably can be drawn therefrom." *Id*. Circumstantial and direct evidence are equally reliable. *State v. Delmarter*, 94 Wn.2d 634, 638, 618 P.2d 99 (1980). "Credibility determinations are for the trier of fact and cannot be reviewed on appeal." *State v. Camarillo*, 115 Wn.2d 60, 71, 794 P.2d 850 (1990).

To prove possession of methamphetamine, the State must prove that Overstake possessed methamphetamine. RCW 69.50.4013. Overstake does not dispute that the State presented sufficient evidence to prove that a container with methamphetamine was found in his pants pocket. But, relying on cases in which drugs were ingested and assimilated into the defendant's body, Overstake argues that the small amount of methamphetamine found in the container is too small to show possession and, therefore, fails to support the jury's verdict.[1]

In *State v. Higgs*, we held that "[i]t is well settled that RCW 69.50.4013 does not require that a defendant possess a minimum amount of a controlled substance in order to sustain a

---

[1] Overstake generally relies on cases concerning constructive possession. However, constructive possession is not applicable here because the methamphetamine was found on his person. *See State v. Staley*, 123 Wn.2d 794, 798, 872 P.2d 502 (1994) ("'Actual possession means that the goods are in the personal custody of the person charged with possession; whereas, constructive possession means that the goods are not in actual, physical possession but that the person charged with possession has dominion and control over the goods.'") (quoting *State v. Callahan*, 77 Wn.2d 27, 29, 459 P.2d 400 (1969)).

conviction." 177 Wn. App. 414, 436, 311 P.3d 1266 (2013), *review denied*, 179 Wn.2d 1024 (2014). Therefore, it is unlawful for a person "to possess any amount of methamphetamine, including residue." *Id*. at 437. Because it is unlawful to possess even residue of methamphetamine, sufficient evidence supports the jury's verdict finding Overstake guilty of possession of methamphetamine. Therefore, we affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Maxa, C.J.

Cruser, J.